[No. 3456.   Decided April 6, 1900.]

CITY OF SEATTLE, *Appellant,* v. SIDNEY SMYTH *et al., Respondents.*

**CONSTITUTIONAL LAW—RIGHT OF CONTRACT FOR PERSONAL SERVICES—ORDINANCE RESTRICTING LABOR HOURS.**

A city ordinance which makes it unlawful for any contractor upon any of the public works of the city to require or permit any day laborer or mechanic to work more than eight hours in any one calendar day is unconstitutional, on the ground that it interferes with the right of persons to contract with reference to their services, where such services are neither unlawful nor against public policy.

Appeal from Superior Court, King County. — Hon. ORANGE JACOBS, Judge.    Affirmed.

*Ellis De Bruler,* for appellant.

*John E. Humphries, Harrison Bostwick, Samuel H. Piles, George Donworth* and *James B. Howe,* for respondents:

The ordinance making it unlawful for one person to permit another to work more than eight hours in one calendar day is invalid because it conflicts with the constitution of the United States, art. 14, § 1, and state constitution, art. 1, § 3.    See *Eden v. People,* 161 Ill. 296 (52·Am. St. Rep. 365, 32 L. R. A. 659) ;*Tilt v. People,* 40 Cent. Law Jour. 291; *State v. Loomis,* 115 Mo. 307 (21 L. R. A. 789, note) ; *Leep v. Railway Co.,* 58 Ark. 407 (41 Am. St. Rep. 109, 23 L. R. A. 264) ; *State v. Julow,* 129 Mo. 163 (50 Am. St. Rep. 443, 29 L. R. A. 257) ; *State v. Goodwill,* 33 W. Va. 179 (25 Am. St. Rep. 863, 6 L. R. A. 621) ; *People ex rel. Warren v. Beck,* 39 N. E. 80; *People ex rel. Tyrolor v. Warden of Prison,* 157 N. Y. 116 (68 Am. St. Rep. 763) ; *State v. Coke Co.,* 33 W. Va. 188; *Frorer v. People,* 141 Ill. 171 (16 L. R. A. 492) ; *Ramsey v. People,* 142 Ill. 380; *People v. Warren,* 34 N. Y. Supp. 942 ; *In re Eight Hour Law,* 21 Colo. 29; *Dennis v. Moses,* 18 Wash. 595 (40 L. R. A. 302).

PER CURIAM.—Respondents were charged with the violation of an ordinance of the city of Seattle, which makes it unlawful for any contractor or sub-contractor upon any of the public works of the city to require or permit any day laborer or mechanic to work more than eight hours in any one calendar day.    It is charged in the complaint that the respondents "did wilfully and unlawfully *permit* one John Doe to work and labor   .   .   .   more than eight

hours in one calendar day." The superior court sustained a demurrer to the complaint, and the city has appealed.

Statutes and ordinances similar in character have been held unconstitutional by many courts, and we have not been cited to a single case wherein their constitutionality is asserted. The principle upon which they are held to be unconstitutional is that they interfere with the constitutional right of persons to contract with reference to compensation for their services, where such services are neither unlawful nor against public policy, nor the employment such as might be unfit for certain classes of persons,—as females and infants.

" Every person *sui juris* has a right to make use of his labor in any lawful employment on his own behalf, or to · hire it out in the service of others. This is one of the first and highest of civil rights." Cooley, Torts (2d ed.), p. 326.

One of the most instructive cases upon the subject is the late one of *In re Morgan,* 26 Colo. 415 (58 Pac. 1071, 47 L. R. A. 52), wherein the authorities are collated and the subject very exhaustively treated. See, also, *Low v. Rees Printing Co.,* 41 Neb. 127 (59 N. W. 362, 24 L. R. A. 702, 43 Am. St. Rep. 670), and *Ex Parte Kuback,* 85 Cal. 274 (24 Pac. 737, 9 L. R. A. 482, 20 Am. St. Rep. 226).

The judgment of the superior court is affirmed.