Decided 26 June, 1906.
**STATE v. MULLER.**

85 Pac. 855.

CONSTITUTIONAL LAW—POLICE POWER—RIGHT TO LABOR.

1. The property right to labor or employ labor on terms satisfactory to the contracting parties, guaranteed by the fourteenth amendment to the federal constitution, is subject to the limitation of the right of the state, under its police power, to reasonably regulate callings that affect the public health and welfare.

CONSTITUTIONAL LAW—REGULATING HOURS OF LABOR BY FEMALES.*

2. A statute forbidding employers to require women to work more than ten hours during a day in any factory, laundry or mechanical establishment, such as Laws 1903, pp. 148, 149, § 1, does not violate the Fourteenth Amendment to the Constitution of the United States, forbidding the taking of life, liberty or property without due process of law, nor Const. Or. Art. I, § 1, declaring that all men have equal rights, nor Section 20, forbidding the granting of special privileges to particular persons, as such law is not an unreasonable or extravagant exercise of the police power over a subject deemed of vital interest to the public welfare, and does not discriminate between persons engaged in the same kind of business.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Curt Muller, the proprietor of a laundry, was convicted of requiring a woman employed in his establishment to work more than ten hours therein during a stated day, and appeals.

AFFIRMED.

*NOTE.—In 63 Central Law Journal is a series of four articles on the question of state control of labor under these headings:
The State's Right to Limit the Hours of Labor, p. 147;
Hours of Labor in Dangerous or Unhealthy Employments, p. 163;
Employment of Women and Children, p. 181;
Labor on Public Works, p. 198.          REPORTER.

For appellant there was a brief over the names of *William David Fenton* and *E. S. J. McAllister,* with an oral argument by *Mr. Fenton.*

For the State there was a brief over the names of *A. M. Crawford,* Attorney General, *John Manning,* District Attorney, and *Bert Emory Haney,* with an oral argument by *Mr. Haney.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

In 1903 the legislature passed an act which, among other things, provided that "no female [shall] be employed in any mechanical establishment, or factory, or laundry in this State more than 10 hours during any one day" and that "any employer who shall require any female to work in any of the places mentioned" more than the prohibited time "shall be guilty of a misdemeanor, and upon conviction thereof shall be" punished, etc.: Laws 1903, p. 148.   The defendant was convicted for a violation of this act by requiring a female to work more than the prescribed time in a laundry.   He appeals to this court on the ground that the law is unconstitutional and void, as violative of the Fourteenth Amendment to the Constitution of the United States, which provides that no state shall "deprive any person of life, liberty, or property, without due process of law," and of Sections 1 and 20 of Article I of the constitution of this State, as follows:

Section 1. "We declare that all men, when they form a social compact, are equal in rights."

And Section 20:

"No law shall be passed granting to any citizen or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

1. The right to labor, or employ labor, on such terms and conditions as may be agreed upon by the interested parties, is not only a liberty but a property right guaranteed to every citizen by the Fourteenth Amendment to the Constitution of the United States, and cannot be arbitrarily interfered with by the legislature: *Lochner* v. *New York,* 198 U. S. 45 (25 Sup. Ct. 539, 49 L. Ed. 937) ; *Ex parte Kuback,* 85 Cal. 274 (24 Pac. 737, 9 L. R. A. 482, 20 Am. St. Rep. 226) ; *Frorer* v.

*People,* 141 Ill. 171 (31 N. E. 395, 16 L. R. A. 492) ; *State* v. *Loomis,* 115 Mo. 307 (22 S. W. 350, 21 L. R. A. 789) ; *Low* v. *Rees Printing Co.,* 41 Neb. 127 (59 N. W. 362, 24 L. R. A. 702, 43 Am. St. Rep. 670) ; *Seattle* v. *Smyth,* 22 Wash. 327 (60 Pac. 1120, 79 Am. St. Rep. 939). But the amendment was not designed or intended to limit the right of the state, under its police power, to prescribe such reasonable regulations as may be necessary to promote the welfare, peace, morals, education or good order of the people, and therefore the hours of work in employments which are detrimental to health may be regulated by the legislature: *Holden* v. *Hardy,* 169 U. S. 366 (18 Sup. Ct. 383, 42 L. Ed. 780).

The. right to labor and to contract for labor, like all rights, is itself subject to such reasonable limitations as are essential to the peace, health, welfare and good order of the community, and, as said by the Supreme Court of the United States: "A large discretion is necessarily vested in the legislature to determine, not only what the interests of the public require, but what measures are necessary for the protection of such interests": *Lawton* v. *Steele,* 152 U. S. 133 (14 Sup. Ct. 499, 38 L. Ed. 385). In *Holden* v. *Hardy,* 169 U. S. 366 (18 Sup. Ct. 383, 42 L. Ed. 780), the court, referring to the limitations placed by a state upon the hours of workmen in underground mines, said: "These employments, when too long pursued, the legislature has judged to be detrimental to the health of the employees, and, so long as there are reasonable grounds for believing that this is so, its decision upon this subject cannot be reviewed by the federal courts." And in the subsequent case of *Gundling* v. *Chicago,* 177 U. S. 183 (20 Sup. Ct. 633, 44 L. Ed. 725), the court uses this language: "Regulations respecting the pursuit of a lawful trade or business are of very frequent occurrence in the various cities of the country, and what such regulations shall be and to what particular trade, business or occupation they shall apply, are questions for the state to determine, and their determination comes within the proper exercise of the police power by the state, and unless the regulations are so utterly unreasonable and extravagant in their

nature and purpose that the property and personal rights of
the citizen are unnecessarily, and in a manner wholly arbitrary,
interfered with or destroyed without due process of law, they
do not extend beyond the power of the state to pass, and they
form no subject for federal interference." The legislature
may not, therefore, unduly interfere with the liberty of con-
tract, or arbitrarily limit the right of a citizen to enter into
such contracts as to him may seem expedient or desirable; but
it may prescribe reasonable regulations in reference thereto
and limitations thereon to promote the general welfare and
guard the public health, and the power of the courts to
review such regulations exists only "when that which the
legislature has done comes within the rule that if a
statute, purporting to have been enacted to protect the
public health, the public morals, or the public safety, has no
real or substantial relation to those objects, or is beyond all
question a plain, palpable invasion of rights secured by the
fundamental law": *Jacobson* v. *Massachusetts,* 197 U. S. 11,
31 (25 Sup. Ct. 358, 49 L. Ed. 643).

2. Now, the statute in question was plainly enacted, although
not so declared therein, in order to conserve the public health
and welfare by protecting the physical well-being of females
who work in mechanical establishments, factories and laun-
dries. Such legislation must be taken as expressing the belief
of the legislature, and through it of the people, that the labor
of females in such establishments in excess of 10 hours in any
one day is detrimental to health and injuriously affects the
public welfare. The only question for the court is whether
such a regulation or limitation has any real or substantial rela-
tion to the object sought to be accomplished, or whether it is
"so utterly unreasonable and extravagant" as to amount to a
mere arbitrary interference with the right to contract. On this
question we are not without authority. Legislation limiting
the hours during which women may be employed is in force in
several of the states of the Union, and, so far as we are advised,
such legislation has everywhere been upheld, except in the
State of Ilinois. This particular class of legislation was first

enacted in Massachusetts, and came before the supreme court of that state in *Commonwealth* v. *Hamilton Mfg. Co.* 120 Mass. 383. The law provided that "no minor under the age of 18 years, and no woman over that age, shall be employed in laboring by any person, firm or corporation in any manufacturing establishment in this commonwealth more than 10 hours in any one day," except in certain cases, and that "in no case shall the hours of labor exceed 60 per week." This law was held valid, the court declaring that it was not in violation of any rights reserved to the individual citizen, because "it merely provides that in an employment which the legislature has evidently deemed to some extent dangerous to health no person shall be engaged in labor more than 10 hours a day or 60 hours a week. There can be no doubt that such legislation may be maintained either as a health or police regulation, if it were necessary to resort to either of those sources for power. This principle has been so frequently recognized in this commonwealth that reference to the decisions is unnecessary." And it was held that the law did not violate the right of the female employee to labor in accordance with her own judgment as to the number of hours she should work, because it merely prohibited her being employed continuously in the same service more than a certain number of hours during a day or week, leaving her free to work elsewhere as many hours as she might desire.

In 1899 the legislature of Nebraska (Laws 1899, p. 362, c. 107) enacted a law providing that "no female shall be employed in any manufacturing, mechanical or mercantile establishments, hotel or restaurant in this state more than sixty hours during any one week and that ten hours shall constitute a day's labor." This legislation was upheld by the court on the ground that it was a reasonable regulation to promote the public good and to protect the health and well-being of women engaged in labor in the establishments mentioned in the act, and therefore came within the police powers of the state: *Wenham* v. *State,* 65 Neb. 394, 405 (91 N. W. 421, 58 L. R. A. 825). The court said: "Women and children have always, to

a certain extent, been wards of the state. Women in recent years have been partly emancipated from their common-law disabilities. They now have a limited right to contract. They may own property, real and personal, in their own right, and may engage in business on their own account. But they have no voice in the enactment of the laws by which they are governed, and can take no part in municipal affairs. They are unable, by reason of their physical limitations, to endure the same hours of exhaustive labor as may be endured by adult males. Certain kinds of work, which may be performed by men without injury to their health, would wreck the constitutions and destroy the health of women, and render them incapable of bearing their share of the burdens of the family and the home. The state must be accorded the right to guard and protect women, as a class, against such a condition; and the law in question, to that extent, conserves the public health and welfare."

In 1901 a similar statute was enacted in the State of Washington, and was held valid by the supreme court in *State* v. *Buchanan,* 29 Wash. 602 (70 Pac. 52, 59 L. R. A. 342, 92 Am. St. Rep. 930), Mr. Justice DUNBAR saying: "It is a matter of universal knowledge with all reasonably intelligent people of the present age that continuous standing on the feet by women for a great many consecutive hours is deleterious to their health. It must logically follow that that which would deleteriously affect any great number of women, who are the mothers of succeeding generations, must necessarily affect the public welfare and the public morals. Law is, or ought to be, a progressive science. While the principles of justice are immutable, changing conditions of society and the evolution of employment make a change in the application of principles absolutely necessary to an intelligent administration of government."

The case of *Ritchie* v. *People,* 155 Ill. 98 (40 N. E. 454, 29 L. R. A. 79, 46 Am. St. Rep. 315), is the only decision to which our attention has been called, or which we have been able to find, in which an act of the kind under consideration has been

(48th Or.—17)

held unconstitutional and void. The case is well considered and ably presented, but is, we think, borne down by the weight of authority and sound reason. We are of the opinion, therefore, that the act in question is not void because an arbitrary and unwarranted limitation of the right of contract, but is within the police power of the state.

Nor can we concur with counsel that it is an arbitrary and unwarrantable discrimination against persons engaged in the particular businesses or employments specified, because persons in other businesses or callings are not prohibited from requiring or permitting their female employees to work more than 10 hours a day. Nearly all legislation is special in the objects sought to be obtained or in its application, and the general rule is that such legislation does not infringe the constitutional right to equal protection of the laws when all persons subject thereto are treated alike under like circumstances and conditions: *In re Oberg,* 21 Or. 406 (28 Pac. 130, 14 L. R. A. 577); *Ex parte Northup,* 41 Or. 489 (69 Pac. 445). "The discriminations which are open to objection," says Mr. Justice FIELD, in *Soon Hing* v. *Crowley,* 113 U. S. 703, 709 (5 Sup. Ct. 730, 28 L. Ed. 1145), "are those where persons engaged in the same business are subjected to different restrictions, or are held entitled to different privileges, under the same conditions. It is only then that the discrimination can be said to impair that equal right which all can claim in the enforcement of the laws."

The judgment is affirmed.                    AFFIRMED.