## OPINION OF THE JUSTICES TO THE SENATE.

By the law of the land as determined by the Supreme Court of the United States a State cannot limit a citizen in the exercise of his right to make contracts by the enactment of a statute forbidding his employment for more than eight hours a day.

The Legislature have power to enact a statute providing that neither the Commonwealth nor any county therein, nor any city or town which has accepted the provisions of R. L. c. 106, § 20, or St. 1909, c. 514, § 42, shall employ in its public work a laborer, workman or mechanic more than eight hours a day, even though this may be considered an interference with individual rights and a detriment to the best interests of the community, because the Commonwealth may prescribe the method in accordance with which any one of these divisions of government shall conduct its public business.

In a statute, providing that neither the Commonwealth nor any county therein, nor any city or town which has accepted the provisions of R. L. c. 106, § 20, or St. 1909, c. 514, § 42, shall employ in its public work a laborer, workman or mechanic more than eight hours a day, and making a violation of the statute by any official or agent a criminal offense, a provision that working more than eight hours in any one day shall be *prima facie* evidence of a violation of the statute would be unconstitutional.

On May 3, 1911, the following order was passed by the Senate, and on May 8, 1911, was transmitted to the Justices of the Supreme Judicial Court.   On May 15, 1911, the Justices returned the answer which is subjoined.

ORDERED, That the Justices of the Supreme Judicial Court be required to give their opinion to the Senate upon the following important question of law :

Are the provisions of the Bill to constitute Eight Hours a Day's Work for Public Employees, now pending in the Senate, and particularly the provisions of section 5 of said bill, constitutional ?

An Act to constitute Eight Hours a Day's Work for Public
Employees.

Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:

Section 1.   The service of all laborers, workmen and mechanics, now or hereafter employed by the Commonwealth or by any county therein or by any city or town which has accepted the provisions of section twenty of chapter one hundred and six of the Revised Laws or of section forty-two of chapter five hundred and fourteen of the Acts of the year one thousand nine hundred and nine, or by any contractor or sub-contractor for or upon any public works of the Commonwealth or of any county therein or of any such city or town, is hereby restricted to eight hours in any one calendar day, and it shall be unlawful for any officer of the Commonwealth or of any county therein, or of any such city or town, or for any such contractor or sub-contractor or other person whose duty it shall be to employ, direct or control the service of such laborers, workmen or mechanics to require or permit any such laborer, workman or mechanic to work more than eight hours in any one calendar day, except in cases of extraordinary emergency.   Danger to property, life, public safety or public health only shall be considered cases of extraordinary emergency within the meaning of this section.   In cases where a Saturday half holiday is given the hours of labor upon the other working days of the week may be increased sufficiently to make a total of forty-eight hours for the week's work.·   Threat of loss of employment or to obstruct or prevent the obtaining of

employment or to refrain from employing in the future, shall each be considered to be " requiring " within the meaning of this section. Engineers shall be regarded as mechanics within the meaning of this act.

Section 2. Every contract, excluding contracts for the purchase of material or supplies, to which the Commonwealth or any county therein or any city or town which has accepted the provisions of section twenty of chapter one hundred and six of the Revised Laws, is a party which may involve the employment of laborers, workmen or mechanics shall contain a stipulation that no laborer, workman or mechanic working within this Commonwealth, in the employ of the contractor, sub-contractor or other person doing or contracting to do the whole or a part of the work contemplated by the contractor shall be requested or required to work more than eight hours in any one calendar day, and every such contract which does not contain this stipulation shall be null and void.

Section 3. Any agent or official of the Commonwealth or of any county therein or of any city or town or any contractor or sub-contractor or any agent or person acting on behalf of any contractor or sub-contractor who violates any provision of this act shall be punished by a fine not exceeding one thousand dollars or by imprisonment for six months or both such fine and imprisonment for each offense.

Section 4. This act shall not apply to the preparation, printing, shipment and delivery of ballots to be used at a caucus, primary, state, city or town election, nor during the sessions of the general court to persons employed in legislative printing or binding; nor shall it apply at any time to persons employed in any State, county or municipal institution, on a farm, or in the care of the grounds, in the stable, in the domestic or kitchen and dining-room service or in store rooms and offices.

Section 5. At any trial arising under the provisions of this act, evidence that laborers, workmen or mechanics have worked or are working over eight hours in any one calendar day shall be *prima facie* evidence of the violation of the provisions of this act.

Section .6. All acts and parts of acts inconsistent herewith are hereby repealed.

Section 7. This act shall take effect upon its passage.

To the Honorable Senate of the Commonwealth of Massachusetts:

We, the Justices of the Supreme Judicial Court, have received the order requiring our opinion upon the question, a copy of which is hereto annexed, and we respectfully answer as follows:

The right " of acquiring, possessing, and protecting property " and the right to the enjoyment of " life, liberty, and property " are secured to every citizen by the Constitution of Massachusetts as well as by the Constitution of the United States. These rights include the right to use one's powers and faculties in any reasonable way for the promotion of his interests and the right to make contracts with others. These rights can be regulated by the Legislature, in the exercise of the police power, only in the interest of the public health, the public safety or the public morals, and, in a certain restricted sense, of the public welfare. The general principles touching this subject have been considered repeatedly by the Justices of this Court and by the Supreme Court of the United States. See *Commonwealth* v. *Pear*, 183 Mass. 242; *Commonwealth* v. *Strauss*, 191 Mass. 545; *Welch* v. *Swasey*, 193 Mass. 364, 373; *Opinions of the Justices*, 193 Mass. 605, 609, 612; *Wyeth* v. *Cambridge Board of Health*, 200 Mass. 474, 478; *Mutual Loan Co.* v. *Martell*, 200 Mass. 482, 484; *Dewey* v. *Richardson*, 206 Mass. 430, 432.

It was decided by the Supreme Court of the United States in *Lochner* v. *New York*, 198 U. S. 45, that a State cannot limit a citizen in the exercise of his right to make contracts and to use his powers by the enactment of a statute forbidding his employment for more than eight hours in a day. This judgment of our highest Federal Court is the law of the land, binding upon the courts and citizens of this Commonwealth. It rests upon the ground that there is nothing in ordinary labor, by men of full age for more than eight hours a day, that calls for prohibition in the interest of the public health, the public safety, the public morals, or the public welfare. It is obvious that many of the most successful men could not have attained the prosperity which they have enjoyed if prohibited from working for themselves or contracting to work for others more than a small part of the hours of each day.

The question before us relates only to employment upon public works by the Commonwealth, the counties, and such cities

and towns as have accepted the provisions of two earlier acts. These are divisions of government, established in the public interest. The Legislature is supreme in the control of these instrumentalities of government, subject only to the provisions of the Constitution. It may direct, by proper enactment, the method in which any one of these divisions of government shall conduct its public business. It may enlarge or limit the kinds of contracts that either of these divisions may make. It may compel the conduct of the public business in a way that does not promote the prosperity of individuals. Even though it may be considered an interference with individual rights and a detriment to the best interests of the community, which depend largely upon the success of individuals, it may determine that in the construction of their public works the several divisions of government shall make no contracts except of particular kinds. It may determine that in such construction no work shall be done except by persons who are willing to submit to contractual limitations which it could not impose upon men generally in their dealings with one another in their private affairs. A person desiring to perform or furnish labor upon a public work must submit to such terms as the proprietor may impose as a condition of his employment. The Legislature representing and controlling these several divisions of government stands in the place of a proprietor. Because the business to be done is that of one of these divisions of government, persons can engage in doing it only in accordance with the requirements of the controlling authority.

We answer this branch of the question in the affirmative, not because we think that such regulations in regard to the hours of labor for men in common employment would be wise or constitutional, but because it is in the power of the proprietor of a business to prescribe the methods in accordance with which it shall be conducted. This conclusion is supported by *Atkin* v. *Kansas*, 191 U. S. 207.

As to the provision in the fifth section of the proposed act, that working more than eight hours in any one day shall be *prima facie* evidence of the violation of the statute, there is difficulty. There are many statutes in which the Legislature has enacted that the existence of a fact which ordinarily creates a

strong probability of the commission of an offense shall be *prima facie* evidence of guilt, and such statutes have been held constitutional. *Commonwealth* v. *Williams*, 6 Gray, 1. *Commonwealth* v. *Pillsbury*, 12 Gray, 127. *Commonwealth* v. *Rowe*, 14 Gray, 47. *Commonwealth* v. *Barber*, 143 Mass. 560, 562. The provision of this section of the proposed act differs from those referred to in these decisions and is not within the principles on which the cited cases rest. Under this act " in cases where a Saturday half holiday is given," employees may work more than eight hours on other days of the week. Such cases will be common, and, in all of them, work for a longer time than eight hours on any other day will not indicate a probability of violation of the law. To provide that such a fact shall constitute *prima facie* evidence that warrants a finding of guilty beyond a reasonable doubt, would be contrary to fundamental principles of criminal law. See opinions in *Commonwealth* v. *Williams*, 6 Gray, 1.

We are of opinion that the Legislature has no constitutional authority to punish any citizen merely upon evidence of the existence of a fact, which, in ordinary cases, has no tendency to establish guilt.

For this reason we answer the question in the negative.

MARCUS P. KNOWLTON.
JAMES M. MORTON.
JOHN W. HAMMOND.
WILLIAM CALEB LORING.
HENRY K. BRALEY.
HENRY N. SHELDON.
ARTHUR PRENTICE RUGG.