[Crim. No. 1816. In Bank.—January 16, 1914.]

## In Re WONG WING, on Habeas Corpus.

MUNICIPAL CORPORATIONS—PUBLIC LAUNDRIES—RESTRICTING HOURS OF LABOR—POLICE POWER.—An ordinance of the city and county of San Francisco limiting the hours of labor in public laundries within the municipality to the period between seven o'clock in the morning and six o'clock at night is a reasonable exercise of the police power, and is constitutional.

ID.—USUAL PERIOD OF EMPLOYMENT.—The board of supervisors of the municipality have authority to prescribe hours of cessation from labor in laundries, and the fair measure of the extent of that power is the usual period of business activity in similar sorts of employment.

APPLICATION for a Writ of Habeas Corpus directed to the chief of police of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Leon Samuels, Wm. M. Madden, and Knight & Heggerty, for Petitioner.

Maxwell McNutt, for Respondent.

THE COURT.—Petitioner attacks as unconstitutional a certain ordinance of the city and county of San Francisco which limits the hours of labor in public laundries.

Wong Wing was charged with and convicted of misdemeanor consisting of a violation of the provisions of section 1 of Ordinance No. 144 (new series) of the board of supervisors of said city and county, and of section 4 of said ordinance as amended by section 1 of Ordinance No. 2298 (new series) of said board, in that he ironed clothes in a public laundry between the hours of six o'clock P. M. of a certain day and seven o'clock A. M. of the following day. The first section of the Ordinance No. 144 prescribes that on and after the passage of that by-law it shall be unlawful for any person, firm, or corporation to establish, maintain or carry on the business of a public laundry or a public wash-house where clothes or other articles are cleaned for hire within the limits of San Francisco without having first complied with the conditions thereinafter specified. Section 4 as amended is as follows:

"No person or persons owning or employed in the public laundries or public wash-houses, provided for in section 1 of this ordinance, shall wash, mangle, starch, iron, or do any other work on clothes between the hours of 6 o'clock P. M. and 7 o'clock A. M. nor upon any portion of that day known as Sunday."

The sole question presented by this writ relates to the reasonableness and constitutionality of the hours of labor prescribed by section 4 as amended. We are not concerned with that part of the section prohibiting work on Sunday, nor with another provision of the ordinance requiring that public laundries which open upon a public thoroughfare shall be so constructed as to permit an unobstructed view of their interiors during working hours. Our only task is that of determining whether or not the limitation of the hours of labor in public laundries within the city and county of San Francisco to the period between seven o'clock in the morning and six o'clock at night is an unreasonable exercise of the police power. This court and the supreme court of the United States have declared constitutional an ordinance very similar to the one before us where the restriction upon the hours of labor required the cessation of work in public laundries between the hours of ten o'clock P. M. and six o'clock A. M. (*Ex parte Moynier*, 65 Cal. 34, [2 Pac. 728]; *Barbier* v. *Connolly*, 113 U. S. 29, [28 L. Ed. 923, 5 Sup. Ct. Rep. 357];

*Soon Hing* v. *Crowley,* 113 U. S. 707, [28 L Ed. 1145, 5 Sup. Ct. Rep. 730].) The principles announced in those cases have been so frequently upheld and the authorities themselves have been so often cited that extended discussion of the opinions is quite unnecessary. In the opinions in those cases the courts discussed the police power of the municipal government to require cessation of work in public laundries for eight hours out of every twenty-four, while the ordinance here attacked by petitioner seeks to prohibit labor in such places for thirteen hours every day. It is settled law that such ordinances operate alike upon all persons and property similarly situated and that the motives impelling the legislators who adopt such regulations are immaterial unless it appear that the laws operate inequitably. We are therefore to determine whether the limitation of the time of labor in public laundries to eleven hours each day is a restriction so unreasonable that it invades the constitutional rights of persons engaged in the laundry business. We cannot say that it does. Very many, perhaps a majority of occupations, employments, and forms of business in San Francisco are conducted during less than eleven working hours a day. The authority of the municipal legislature to prescribe hours of cessation from labor in laundries must be conceded, under the authorities cited above, and we think the fair measure of the extent of that power is the usual period of business activity in similar sorts of employment. We cannot say, therefore, that the restriction of the hours of activity provided in the ordinance here attacked is an unconstitutional exercise of the legislative will of the board of supervisors of the city and county of San Francisco.

Let the writ be discharged and the prisoner remanded.

Beatty, C. J., does not participate in the foregoing.