PATRICK J. WOODS *vs.* CITY OF WOBURN.
SAME *vs.* SAME.

Middlesex.   January 21, 1915. — February 27, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Opinion of the Justices. Constitutional Law. Labor. Contract,* Validity.

An opinion of the justices of this court given under c. 3, art. 2 of the Constitution upon the constitutionality of a proposed statute, being purely advisory, is not binding as a precedent, and, when the constitutionality of a similar statute

after its enactment is contested before this court in a controversy between the parties to an action, the question is to be treated as an open one.

The Legislature acting as the representative of the Commonwealth and its governmental subdivisions may determine as an employer the number of hours that shall constitute a day's labor for all those with whom the Commonwealth or any such subdivision makes contracts of employment.

The provision of St. 1899, c. 344, that eight hours shall constitute a day's work for all laborers, workmen and mechanics employed by or on behalf of any city or town in this Commonwealth that accepts the act, does not make invalid a contract of a fireman of a pumping station of the water department of a city that had accepted the act with the water commissioner of the city to work ten hours each day of the week for $16 a week.

A contract in writing, made by a fireman of a pumping station of the water department of a city that had accepted St. 1899, c. 344, with the water commissioner of the city to work ten hours each day of the week for $16 a week, is a valid and binding one, which is a defence to an action by such fireman against the city to recover on a *quantum meruit* compensation for services as fireman in excess of eight hours a day which he was required to perform by the terms of his contract.

*It seems*, that under the Fourteenth Amendment of the Constitution of the United States the constitutionality of a statute which should undertake to annul a contract of a workman or mechanic to work more than a certain number of hours in a day would be open to grave doubt.

RUGG, C. J.   These are two actions brought to recover on a *quantum meruit* additional compensation for services rendered by the plaintiff as fireman in the water department of the defendant.*   The plaintiff entered the employ of the defendant in 1893 and continued, ten hours constituting his working day, until December 12, 1899, when St. 1899, c. 344 was accepted by the voters of the defendant.   Section 1 of this act provided that, in all cities which accepted its provisions, "Eight hours shall constitute a day's work for all laborers, workmen and mechanics now employed, or who may hereafter be employed, by or on behalf of any city or town in this Commonwealth."   At this time he was receiving $2.25 per day of ten hours, making $13.50, or $15.75 per week if he worked on Sunday, as he sometimes did.   Apparently the length of the working day was fixed by some contract or arrangement which rendered inapplicable the nine hour day established by St. 1890, c. 375, St. 1891, c. 350, and St. 1894, c. 508, § 7.   About December, 1900, an oral agreement was made

---

* The defendant relied in defence on the special contract of January 1, 1904, which is printed at the foot of page 418.   The two cases were tried together before *Sanderson*, J., without a jury.   He found for the plaintiff in both cases, and reported the cases for determination by this court.

between the plaintiff and the water commissioner of the defendant, whereby the former was to receive $16 per week whether he worked on Sundays or not, and was to work ten hours per day. This agreement continued until January 1, 1904, when the plaintiff signed the written agreement printed in the footnote.* The plaintiff under this agreement received a slightly higher wage than he had been getting before.

The constitutionality of the statute is involved so far as it limits the hours of labor of those employed by cities and towns, and must be decided. The justices of this court advised the Honorable Senate that the present more stringent St. 1911, c. 494, would be constitutional if enacted. *Opinion of the Justices,* 208 Mass. 619. That opinion, being purely advisory, is not binding as an authority. We, therefore, have examined the statutes here involved again, with care, touching their constitutionality. For the reasons there stated at length, which it is not necessary to repeat, we think that the Legislature, acting as the representative of the Commonwealth and its governmental subdivisions, may determine as employer the number of hours which shall constitute a day's labor for all those with whom it makes contracts of employment. This conclusion is supported by *Atkin* v. *Kansas,* 191 U. S. 207, *Ellis* v. *United States,* 206 U. S. 246, *United States* v. *Garbish,* 222 U. S. 257. There have

---

* "Board of Public Works of the City of Woburn.

Woburn, Mass.

Whereas I, Patrick J. Woods of Woburn, Massachusetts employed as a fireman in the water department of said city at the pumping station; and whereas ten hours labor per day is necessarily required in such employment, and whereas I am desirous to continue in the employ of the said city in such capacity, now therefore, in consideration of the payment to me by the said city of sixteen dollars per week for such labor, ten hours each day of the week, I hereby agree as a condition of my employment to serve the said city of Woburn as a fireman in the water department thereof ten hours daily beginning on the first day of January A.D. 1904 and continuing until I quit such service or until notice in writing by me is given to the commissioner of water and water supply of said city of my intention no longer to be bound by this agreement.

Witness my hand and seal this first day of January A.D. 1904

Patrick J. Woods.    (seal)

Witness

Redmond E. Walsh."

been numerous decisions to the effect that such laws are unconstitutional.* But we are not inclined to follow them so far as they are inconsistent with the conclusion we have reached.

The next question is whether the express contract whereby the plaintiff agreed to work by the week more than eight hours each day for a stipulated weekly wage was valid in view of the statute. The vital words in St. 1899, c. 344, § 1, are exactly the same as those in U. S. Rev. St. § 3738, enacted first in 1868. It fairly may be inferred that our statute was passed in view of the federal act and that our Legislature was content with the expounded meaning of the words which thus were adopted. *Ryalls* v. *Mechanics' Mills,* 150 Mass. 190, 193. *McNicol's Case,* 215 Mass. 497. The meaning and effect of the federal act had been declared in *United States* v. *Martin,* 94 U. S. 400, to be in the nature of a direction from a principal to his agent that eight hours should be deemed to be a proper length of time for a day's labor, to control in instances when there was no special agreement upon the subject, but that "the statute does not provide that the employer and the laborer may not agree with each other as to what time shall constitute a day's work," nor contain any implication as to wages to be paid.

It has been decided by other courts that such a statute was not intended to apply where the employment was not by the day, but by the hour, week, month or year. *Luske* v. *Hotchkiss,* 37 Conn. 219. *Schurr* v. *Savigny,* 85 Mich. 144.

There is nothing in the context or circumstances attending the passage of St. 1899, c. 344, which indicates a purpose to attach a different meaning to its words than those which previous to its enactment had been attributed to the same words used in the federal act. The statute is a direction to such subordinate divisions of government as accept its provisions that, when no different agreement is made, the working day for laborers, workmen and mechanics shall be eight hours. But there is no manifestation of a purpose to prohibit the making of such agreements. It is to be noted that, at the time this statute was enacted and accepted

---

* *Ex parte Kuback,* 85 Cal. 274. *Cleveland* v. *Clements Bros. Construction Co.* 67 Ohio St. 197. *Fiske* v. *People,* 188 Ill. 206, 210. *Seattle* v. *Smyth,* 22 Wash. 327. See *People* v. *Coler,* 166 N. Y. 1; *People* v. *Grout,* 179 N. Y. 417.

by the voters of the defendant, nine hours was the length of the working day for like employees of the Commonwealth and of municipalities other than those which accepted the act, and that this continued to be so until St. 1906, c. 517. It is hardly conceivable that the Legislature could have intended to prohibit any city or town from making contracts in particular cases for a working day, at least as long as that required of its own employees of the same grade.

The conclusion follows that the oral and written contracts of the plaintiff to work for ten hours each day for a stipulated weekly wage were not contrary to law and were binding upon him. There is nothing inconsistent with this in *Atkin* v. *Kansas*, 191 U. S. 207, which arose under a statute quite different in terms.

It may be noted in this connection that this has been the uniform interpretation placed upon the meaning of acts like this by the executive department of the federal and of the State government. 17 Opinions of Attorneys General of U. S. 341. 19 Opinions of Attorneys General of U. S. 685. 1 Opinions of Attorneys General of Mass. 10. 3 Opinions of Attorneys General of Mass. 61.

Even if this point were less clear than it is, it would not be in accordance with sound principles to permit the plaintiff to accept in silence a stipulated weekly wage week after week and then, without previous notice, seek to recover more. It frequently has been held that compensation for work performed outside the time fixed by the statute cannot be recovered when, without protest or demand at the time the work is being performed, regular wages have been accepted without comment. *United States* v. *Garlinger*, 169 U. S. 316, 322. *Schurr* v. *Savigny*, 85 Mich. 144. *Luske* v. *Hotchkiss*, 37 Conn. 219. *Timmonds* v. *United States*, 28 C. C. A. 570. *Fitzgerald* v. *International Paper Co.* 96 Maine, 220. *McCarthy* v. *Mayor & Aldermen of New York*, 96 N. Y. 1. *Vogt* v. *Milwaukee*, 99 Wis. 258.

The contract in question was not abrogated by act of the parties until the plaintiff left the employ of the defendant in August, 1910, although it contained a provision that it might be terminated at any time by written notice given by the plaintiff to the water commissioner of the defendant.

There are several reasons which require a decision that the terms of the contract were not affected by any subsequent legis-

lation. It is a general rule of construction, that all statutes apply only to the future and do not relate to the past, unless such a purpose is indicated by express phrase or necessary implication. *Hanscom* v. *Malden & Melrose Gas Light Co., ante,* 1. There is nothing in any of the statutes enacted during the life of the contract in question to disclose a different legislative purpose. St. 1906, c. 517, § 5, and St. 1909, c. 514, § 41, each contain an express provision that they shall not apply to contracts for work entered into before June 22, 1906, while R. L. c. 106, § 20, and St. 1907, c. 570, add nothing to the force of earlier acts.

There would be grave doubt as to the constitutionality under the Fourteenth Amendment to the Constitution of the United States of any statute which should undertake to annul such a contract as that here under consideration. The city of Woburn owns and manages its system of water supply as a private commercial venture. *Pearl* v. *Revere,* 219 Mass. 604, and cases there collected. A city or town doubtless owns property acquired for and devoted to a water supply in its strictly proprietary capacity. *Mount Hope Cemetery* v. *Boston,* 158 Mass. 509, 519. *Higginson* v. *Treasurer & School House Commissioners of Boston,* 212 Mass. 583. *Worcester* v. *Worcester Consolidated Street Railway,* 196 U. S. 539. It thus probably is entitled to all the protections as to inviolability of its contracts undertaken in this connection which a private individual possesses under the Fourteenth Amendment, and can invoke its shield against legislation aimed to impair their validity. It cannot be presumed in the absence of plain language to that effect that the Legislature would raise so serious a constitutional question by the enactment of any statute. But, without determining the constitutional question, as a matter of construction it must be held that none of the statutes enacted during the life of this contract applied to or affected it.

It further is to be noted that neither St. 1906, c. 517, St. 1907, c. 570, nor St. 1909, c. 514, §§ 37 to 43, apply to a city in the situation of the defendant. All these statutes in terms affect only such cities and towns as have "accepted the provisions of section twenty of chapter one hundred and six of the Revised Laws" and do not include such as had accepted the corresponding provisions of earlier acts. The city of Woburn never accepted that section, but the earlier St. 1899, c. 344, which is not referred

to in any of the above acts.   Apparently the Legislature has been aware of this omission of the usual reference to "the corresponding provisions of earlier laws" (see R. L. c. 106, § 20), for by St. 1913, c. 822, it required the resubmission of the acceptance of the laws respecting the eight hour day to the voters of all cities and towns which had not formally accepted either R. L. c. 106, § 20, or St. 1909, c. 514, § 42, as affected by St. 1911, c. 494.

It is not necessary to determine whether, because St. 1899, c. 344 was repealed by R. L. c. 227 and R. L. c. 106, § 20, which took its place, was repealed by St. 1909, c. 514, § 145, the defendant was subject after October 1, 1909, to the nine hour day fixed by St. 1909, c. 514, § 43, nor whether the reservations made by § 146 of the last named act were sufficiently broad to preserve to the defendant its early acceptance of the 1899 eight hour law. For the reasons already given, the plaintiff must fail.

*Judgment for the defendant.*

*W. J. Patron,* (*J. D. Carney* with him,) for the plaintiff.

*J. E. McConnell,* (*J. F. Maloney* with him,) for the defendant.