## COMMONWEALTH *vs.* BOSTON AND MAINE RAILROAD.

Worcester.   October 4, 1915. — November 23, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Statute*, Construction.   *Constitutional Law.   Labor.*

An interpretation of an attempted statute, which if the statute were valid would make it practically inoperative, will not be adopted unless unequivocal words require that construction, even if the effect of giving expression to the intention of the Legislature is to make the attempted statute unconstitutional.

St. 1914, c. 746, which provides that "Employees in and about steam railroad stations in this Commonwealth designated as baggagemen, laborers, crossing-tenders and the like, shall not be employed for more than nine working hours in ten hours' time; the additional hour to be allowed as a lay-off," is construed

by this court to mean that the designated employees shall not be employed more than nine hours in any day, and, so construed, is in violation of the Fourteenth Amendment of the Constitution of the United States as an unwarranted interference with freedom of contract in regard to the hours of labor in an ordinarily healthy occupation.  Following *Lochner* v. *New York*, 198 U. S. 45.

*Whether* the statute quoted above also is unconstitutional, so far as it affects interstate commerce, as an attempt to regulate the hours of labor of those employed in connection with interstate commerce on railroads, it was not found necessary to determine.

RUGG, C. J.  The defendant is charged with having violated St. 1914, c. 746, which provides in § 1 that "Employees in and about steam railroad stations in this Commonwealth designated as baggagemen, laborers, crossing-tenders and the like, shall not be employed for more than nine working hours in ten hours' time; the additional hour to be allowed as a lay-off."

The case was submitted on agreed facts from which it appears that the defendant operates a railroad in Massachusetts, New Hampshire, Maine and New York, and daily ships from and receives at its station in Worcester baggage which it transports in interstate commerce to and from Worcester and cities and towns in each of the three last named States.  It employs in connection with such and other baggage, carried wholly within this Commonwealth, one Victor Richards as a general baggageman.  Further agreed facts are that "The said Richards goes on duty at six o'clock in the morning and remains on duty until eight o'clock at night with the exception of a lay-off of one hour each day between the hours of twelve and one, and one half hour lay-off from 6.38 P. M. to 7.08 in the evening. The duties of said Richards require him to be out of doors about one half of the day and indoors about one half of the day. The work is not arduous and consists of receiving and checking baggage, placing the same upon the trains, receiving baggage from the trains and delivering it to the owners.  In doing this work he is assisted by the man on the baggage-car, and when heavy pieces of baggage are received he has the assistance of a helper at the station."

1. The first contention of the defendant is that the statute has not been violated because the facts do not show that the employee worked more than nine hours continuously in any given period of ten hours, and that rightly construed the statute does

not restrict the hours of labor to nine in each day, but only to nine hours in each consecutive period of ten hours. That position cannot be supported. While the act is not phrased with clearness, its meaning seems to be that the maximum number of hours permitted to the designated employees is nine for a day. To adopt the interpretation put forward by the defendant would render the statute inoperative. It cannot be presumed in the absence of unequivocal words that the Legislature intended a statute to be devoid of substantial force. In effect, the statute prohibits labor by the designated employees more than nine hours in each day.

2. The main contention of the defendant is that the statute as thus construed is unconstitutional. The agreed facts show that there is nothing inherently unhealthy about the work which the employee did. It was performed half in the open air. It was not arduous. Under these circumstances, the case at bar is indistinguishable from and is governed by *Lochner* v. *New York*, 198 U. S. 45. It there was held that a statute which prohibited labor for more than ten hours per day in an ordinarily healthy occupation was "an illegal interference with the rights of individuals, both employers and employees, to make contracts regarding labor upon such terms as they may think best, or which they may agree upon with the other parties to such contracts," and that "Under such circumstances the freedom of master and employee to contract with each other in relation to their employment, and in defining the same, cannot be prohibited or interfered with, without violating the Federal Constitution." That decision is binding upon the Legislature and courts of this Commonwealth. See also *Opinion of the Justices*, 208 Mass. 619, 622. The instant statute is indistinguishable in principle from the one there stricken down. That it relates in part to certain employees of railroads constitutes no ground for differentiation, for the class with which it deals, namely, "baggagemen, laborers" and "the like," groups together those whose work does not have relation to the operation of trains and the safety of passengers. It refers to those employed in different capacities in and about railroad stations, whose work does not concern the safety of the travelling public. Whether other considerations might arise as to crossing-tenders, if they stood alone, need not be discussed, for the dominating classifi-

cation of the statute is of employees whose work has no direct relation to the security of those who travel by railroad. The conclusion that such a statute as that here presented is an unwarranted interference with individual liberty and an interference with property rights, and therefore contrary to constitutions which secure these fundamental rights, is supported by numerous decisions in other jurisdictions, most of them antedating the Lochner case, which is decisive and to the same effect. *

Statutes limiting the hours of labor of employees of the Commonwealth, counties, cities and towns, *Woods* v. *Woburn,* 220 Mass. 416, *Atkin* v. *Kansas,* 191 U. S. 207, and of women and children, *Commonwealth* v. *Hamilton Manuf. Co.* 120 Mass. 383, *Commonwealth* v. *Riley,* 210 Mass. 387, affirmed in 232 U. S. 671, are upheld for quite different reasons, and without conflicting with the Lochner case.

3. The statute cannot be sustained as an amendment to the charter of the defendant. Manifestly it was not so intended and does not have that effect. Its title and text forbid such construction. It is not restricted in its operation to employees of railroads, but includes all persons working within the designated place and area of service, by whomsoever employed, whether by individuals, by other corporations or by railroads. Its terms embrace lessees, licensees and subcontractors of the owners of railroad stations, and the employees of such owners as may not be railroad corporations, as well as the employees of railroads. Plainly it was enacted as a police regulation in amendment to a branch of the labor laws of the Commonwealth. Therefore, whether the principles upon which the statute under consideration in *Lochner* v. *New York,* 198 U. S. 45, was held invalid are independent of any reserved right of charter amendment need not be considered.

---

* *Low* v. *Rees Printing Co.* 41 Neb. 127. *Ritchie* v. *People,* 155 Ill. 98. *In re Morgan,* 26 Col. 415. *People* v. *Orange County Road Construction Co.* 175 N. Y. 84. (See *People* v. *Crane,* 214 N. Y. 154, 166, 172.) *Ex parte Kuback,* 85 Cal. 274. (See *In re Wong Wing,* 167 Cal. 109.) *Burcher* v. *People,* 41 Col. 495. *Cleveland* v. *Clements Bros. Construction Co.* 67 Ohio St. 197. *Seattle* v. *Smyth,* 22 Wash. 327. *State* v. *Miksicek,* 225 Mo. 561. *State* v. *Barba,* 132 La. 768. See, however, *Opinion to the Governor,* 24 R. I. 603 (decided before the Lochner case); *State* v. *Newman Lumber Co.* 102 Miss. 802, affirmed 103 Miss. 263; *State* v. *Bunting,* 71 Ore. 259.

4. It is not necessary to determine whether the statute may also be unconstitutional, so far as concerns the facts here presented, as an attempt to regulate hours of labor of those employed in connection with interstate commerce on railroads, a subject as to which Congress has legislated by U. S. St. of March 4, 1907, c. 2939 (34 U. S. Sts. at Large, 1415), in such way as to afford at least strong ground for argument that it has manifested a purpose to exercise its paramount constitutional authority over that field, and that hence the power of the States has become suspended. *Erie Railroad* v. *New York,* 233 U. S. 671, 681. *Northern Pacific Railway* v. *Washington,* 222 U. S. 370. *Boston & Maine Railroad* v. *Hooker,* 233 U. S. 97, reversing *Hooker* v. *Boston & Maine Railroad,* 209 Mass. 598.

The several requests for instructions * presented by the defendant should have been granted and its exceptions to the denial of them must be sustained.

*So ordered.*

The case was submitted on briefs.

*C. M. Thayer,* for the defendant.

*J. A. Stiles,* District Attorney, *& E. T. Esty,* Assistant District Attorney, for the Commonwealth.

---

EDWINA M. WHEELER *vs.* NICHOLAS J. LAWLER & another.

Worcester.   October 4, 1915. — November 23, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Agency,* Commission.

In an action by a woman, against copartners carrying on business as an amusement company, upon a promise in writing to the plaintiff that, if she would procure a satisfactory purchaser for a certain moving picture show belonging to

---

* The instructions requested were (1) that there was no evidence that would warrant the jury in finding the defendant guilty of any offence set forth in the indictment, (2) that St. 1914, c. 746, is unconstitutional, and (3) that on the whole evidence the defendant was not guilty and that the ver-

CONTRACT, against Nicholas J. Lawler and T. L. Lawler, co-partners doing business under the name of the Lawler Amusement Company and having their usual place of business in Athol, to recover $150 as a commission of ten per cent which the defendants agreed to pay to the plaintiff if she procured a purchaser who would pay $1,500 for their moving picture show, alleging further that the plaintiff procured such a purchaser who was able and willing to pay the agreed price and that the defendants, without any reason for such refusal, refused to sell the picture show to such purchaser. Writ dated October 25, 1913.

The defendants' answer contained a general denial, and also alleged that the purchaser procured by the plaintiff refused to pay the price that had been named by the defendants, whereupon they notified the plaintiff that they withdrew the property from sale.

In the Superior Court the case was tried before *Hall,* J. At the close of the evidence, which is described in the opinion, the defendants asked the judge for twelve rulings, of which the judge gave three in substance as instructions to the jury. The others were as follows:

"1. That upon all the evidence, the plaintiff is not entitled to recover.

"2. That [by reason of] the withdrawal of the property from the agent before an acceptance of the offer at the price named by the defendants, the plaintiff is not entitled to recover.

"3. That the proposed purchaser offering less than the price named by the defendants and the defendants withdrawing the property from the market before any further offer is made, the plaintiff is not entitled to recover."

---

dict must be "Not guilty." *Sanderson,* J., to whom the case was submitted, refused to make any of these rulings, and at the request of the defendant reported the case for determination by this court.