[Filed December 14, 1891.]

## In re FRED OBERG.

Constitutional Law—Special Privileges.—Section 6 of the act of 1889, providing that no officer or seaman of a sea-going vessel, or ship, shall be arrested or imprisoned for debt, etc., is not in conflict with section 20 of the bill of rights, which provides that no law shall be enacted granting to any citizen or class of citizens any privilege or immunity which upon the same terms shall not equally belong to all citizens.

Clatsop county: Frank J. Taylor, Judge.

State appeals. Reversed.

*T. A. McBride*, district attorney, for Appellant.

*Fulton Brothers*, for Respondent.

Lord, J.—The petitioner was constable of Astoria precinct, and having arrested a sailor on board of a sea-going vessel as an absconding debtor, he was himself arrested under the provisions of section 6 of the act of 1889, which

made such arrests unlawful, and for which he was fined
the sum of twenty dollars. Upon default in the payment
of such fine, he was committed to jail, and thereupon sued
out a writ of *habeas corpus.* Upon the hearing, the trial
court held that the act of 1889 was unconstitutional and
void, and discharged the petitioner. While the brief indi-
cates other objections to the act, the main one and upon
which the invalidity of the act was put, was, that it was
class legislation, and prohibited by section 20 of the bill of
rights. Section 6 of said act—the one under which the
petitioner was prosecuted and convicted—reads as follows:
"No officer or seaman of a sea-going vessel or ship shall be
arrested or imprisoned for debt; and any officer executing
a process of arrest for debt upon such officers or seamen,
shall upon conviction thereof before any justice of the peace,
or circuit court, be fined in a sum not less than twenty
dollars nor more than one hundred dollars. (Session Laws,
1889, 80.) This section, it is claimed, is in contravention of
section 20, article 1, of the constitution, which provides that
"No law shall be passed granting to any citizen or class of
citizens, privileges or immunities which, upon the same
terms, shall not equally belong to all citizens."

The argument against the validity of the act is, that, in
direct opposition to the section of the constitution cited, it
grants to a class of citizens, privileges and immunities,
which, upon the same terms, do not belong to all citizens.
"That is," says counsel, "it provides that a class of indi-
viduals, namely, officers and seamen of a sea-going vessel,
are exempt from arrest for debt, which is extending to a
class of citizens a privilege and an immunity which is not
and cannot be enjoyed by any other class of citizens." It
is plain, then, from this statement, that it is the immunity
from arrest for debt granted to this class of citizens, and
not that any of such class engaged in the same business
are subjected to different restrictions, or that they are
granted different privileges under the same conditions,
which constitutes the ground upon which the invalidity of

the section of the act is predicated. All sailors of a sea-going vessel within the prescribed limits are treated alike, and entitled to enjoy the privileges or immunities granted. The act prescribes the same rule of exemption to all persons placed in the same circumstances. It does not grant to a sailor immunity from arrest for debt, and refuse it to his neighbor, if they be similarly situated. The same privilege or immunity is extended by the act to all in the same situation. Any person who is a sailor may enjoy the immunity, and any citizen desiring such immunity may have it in the words of the constitution, "upon the same terms," by becoming a sailor. While one may enjoy the benefit of the exemption, and another may not, this results not because the statute favors one, and discriminates against another, but because one brings himself within its terms, and the other does not.

As WRIGHT, J., said: "It gives the same rule to all persons placed in the same circumstances. It does not pre-scribe one rule for one citizen or soldier, and another for his neighbor, if they be in the same situation. We have a statute regulating continuances on account of the absence of witnesses, which gives a uniform rule to all litigants. And yet one may be entitled to a continuance and another not. This results, not because a different rule is prescribed for each, but because one brings himself within its terms and the other does not. So all persons in the actual mili-tary service of the United States, or of this state, can claim the benefit of the statute, and any one can have the same benefit, if in the same service. Those that are not, are not entitled to the same advantage, so to speak, because, in the discretion and wisdom of the legislature, it was deemed inexpedient. And yet this advantage may be, and is extended to all upon the same terms." ( *McCormick* v. *Rusch*, 15 Iowa, 129; 83 Am. Dec. 401.) To the same effect, and construing a like constitutional provision, see *McAunich* v. *Miss. & Mo. R. R. Co.* 20 Iowa, 338; *Dalby* v. *Wolf*, 14 Iowa, 228; *Iowa R. R. etc. Co.* v. *Soper*, 39 Iowa, 112.)

In determining whether an act of the legislature pro-
hibiting speculation in witness fees was in conflict with a
provision of the constitution of Tennessee to the effect that
"The legislature shall have no power, etc.,   *   *   *   nor
to pass any law granting any individual or individuals,
rights, privileges, immunities or exemptions other than
such as may be, by the same law, extended to any member
of the community who may be able to bring himself within
the provision of such law," the court says: "But it is
obvious that this clause of the constitution only prohibits
the suspension of a general law or the grant of privileges,
immunities or exemptions to an individual or individuals.
It does not prohibit legislation for the benefit of classes
composed of any members of the community who may
bring themselves within the class.

"The lien given to mechanics on the land upon which
they have erected a building, the lien of the landlord on
the growing crops of his tenant, the exemption of certain
articles from legal process in favor of the heads of families,
and a portion of his earnings in favor of the laborer, are
instances of such legislation, about the constitutionality of
which there never has been any doubt." (*Davis* v. *State*, 3
Lea (Tenn.), 379.) "The legislature may deem it desira-
ble," says Mr. Cooley, "to prescribe peculiar rules for the
several occupations, and to establish distinctions in the
rights, obligations, duties and capacities of citizens.  The
business of common carriers, for instance, or of bankers,
may require special statutory regulation for the general
benefit, and it may be a matter of public policy to give
laborers in one business a specific lien for their wages,
when it would be impracticable or impolitic to do the same
for persons engaged in some other employment.  If the
laws be otherwise unobjectionable, all that can be required
in these cases is, that they be general in their application
to the class or locality to which they apply; and they are
then public in character, and of their propriety and policy
the legislature must judge." (Cooley Const. Lim. 482, 483.)

As a general proposition, the doctrine is well established, that the state, in the exercise of its police powers, is authorized to subject all occupations to a reasonable regulation, when such regulation is required for the protection of public interests, or for the public welfare. (Tiedman's Lim. Police Powers, § 85.) So, too, there is, in all the states, a class of exemptions or immunities granted to certain classes of persons, as the exemption of sailors from trustee process, or militia men on training days from the service of civil process, or ministers, physicians, and firemen from jury duty; not so much for the benefit of this class of persons themselves, as for the benefit of the community and the protection of the public interests and welfare. This is not class legislation, conferring special privileges upon some and denying them to others, but legislation which has for its object the public welfare, and within the sphere of its operation prescribes the same rule of exemption to all persons placed in the same situation or circumstances. It is not disputed that the object of the act, as shown by its subject matter, was to aid and extend our foreign commerce by protecting sailors and preventing such burdens or exactions from being laid upon shipping as would discourage vessels from frequenting our ports. The persuading of sailors to desert, or harboring them after they had deserted, or demanding from them sums as blood money, or arresting them for small debts, or on frivolous pretenses of debt, are all acts which must affect injuriously our commerce, and as a consequence the prosperity and welfare of our people. In aid of this public purpose, the immunity granted to the officers and sailors of a sea-going vessel by section 6 of the act may be enjoyed by any other class of citizens upon the same terms. Its effect is not to create a privileged class, or invidious discriminations against any one.

All persons who are sailors are treated alike, and enjoy the immunity, and all other persons may enjoy it, or become entitled to it, who bring themselves within its terms. The objection that this is class legislation, is with-

out force.   As said by Mr. Justice FIELD:  "The discrim-
inations which are open to objection are those where
persons engaged in the same business are subject to differ-
ent restrictions, or are held entitled to different privileges
under the same conditions.   It is only then that the dis-
crimination can be said to impair that equal right which
all can claim in the enforcement of the laws."  (*Soon Hing*
v. *Crowley*, 113 U. S. 709.)   And again:  "Class legislation
discriminating against some and favoring others, is pro-
hibited; but legislation, which in carrying out a public
purpose, is limited in its application, if within the sphere
of its operation it affects alike all persons similarly situated,
is not within the amendment."  (*Barbier* v. *Connelly*, 113
U. S. 32; *Railroad Co.* v. *Beckwith*, 129 U. S. 26.)   Legislation
which affects alike all persons pursuing the same business,
under the same conditions, is not such class legislation as
is prohibited by the constitution of the United States, or of
this state.

As there is no other question much relied on, we must
reverse the judgment.