Argued April 22; affirmed October 14; rehearing denied
November 12, 1930

## STATE OF OREGON *v.* LaFOLLETT

(292 P. 98)

*John A. Jeffrey* of Portland (John Bayne and Guy O. Smith, both of Salem, on the brief) for appellant.

*Lida O'Bryon* of Portland, Deputy Dist. Atty., of Portland (Stanley Myers, Dist. Atty., of Portland on the brief) for respondent.

BEAN, J. The defendant urges that the court erred in the trial of this case in Multnomah county, where the wife of defendant and minor children had resided for more than sixty days, instead of in Washington county, where the defendant then resided, and contends that the court was without jurisdiction. In a criminal action for nonsupport for a man's wife and minor children, it may be commenecd and tried in any county in the state in which the dependent wife or children have been actual residents for not less than sixty days, while such failure to support has continued irrespective of the domicile of the father: Laws of 1923, chapter 124.

The defendant also contends that the court erred in permitting Mary LaFollett, defendant's wife, to testify against him over appellant's objection and without his affirmative and active consent. The authority for admission of such testimony is found in Or. L., § 2171, which provides that a wife shall be a competent and compellable witness in such cases. The provision for the testimony of the wife to be given against her husband in such cases is merely an extension of and in conformity to the principle promulgated in Or. L., § 1535. The act of the defendant in failing to support

his wife and minor children took effect and became a violation of the statute in the county of Multnomah and the case was properly tried therein.

Defendant urges that the law upon which the indictment herein is based is contrary to the state and federal constitutions and void. The constitutionality of the act was challenged, and after a careful hearing upon presentation by able counsel the validity of the statute was upheld in the case of *State v. Bailey,* 115 Or. 428, 429 (236 P. 1053), and the question is foreclosed by the opinion in that case.

■ Exceptions were taken to remarks of the district attorney upon the argument of the case. There was no ruling of the court except to the statement of the district attorney as follows: "When he (defendant) is ordered to give a hundred and fifty dollars to the children he feeds these lawyers instead of feeding the children." Counsel for defendant requested a ruling of the court for the reason that there was nothing in the record showing such a state of facts, and requested the court to instruct the jury to disregard the statement of the district attorney, and the court indicated that counsel had a right to draw inferences from the testimony in the case, and he repeatedly instructed the jury to disregard any statements of counsel as to matters that did not appear in the evidence. There was some controversy between counsel as to the inferences that should be drawn from the testimony in the case.

■ The defendant argues that Or. L., § 2166, is class legislation because it imposes upon the husband liability and penalties not thereby imposed upon the wife. Upon a reasonable foundation the legislature rightfully recognized a difference between failure of the husband and father to support his wife and minor children and

that of the wife in the performance of her duties to the family. The law is not invalid as class legislation: *In re Oberg,* 21 Or. 407 (28 P. 130, 14 L. R. A. 577); *State v. Randolph,* 23 Or. 74 (31 P. 201, 17 L. R. A. 470, 37 Am. St. Rep. 655); *State v. Frazier,* 36 Or. 178 (59 P. 5); *State v. Muller,* 48 Or. 252 (85 P. 855, 120 Am. St. Rep. 805, 11 Ann. Cas. 88).

■ Exception is taken by defendant for failure of the court to instruct the jury as to "sufficient cause" for failure of defendant to support his wife and minor children, and that such failure should be proved by the state beyond a reasonable doubt. An examination of the charge of the court to the jury shows that this phase of the case was fairly submitted to that body. The court read the following part of the statute (section 2166): "Any person who without just or sufficient cause, shall fail or neglect to support his wife or minor female child or children under the age of 18 years or minor male child or children under the age of 16 years, shall be deemed guilty of a felony." And charged the jury as follows:

"The object of this statute, Ladies and Gentlemen, is to compel the husband if he is able to do so to support his wife and children. I instruct you, that in this case it is not incumbent upon the defendant to disprove a single thing. The burden of proof throughout this case rests upon the state, and your verdict must be not guilty, unless you are satisfied by proof beyond a reasonable doubt that the defendant is guilty of the particular charge set forth in the indictment."

The case was fairly submitted to the jury. An examination of the record up one side and down the other convinces us that there is no reversible error therein.

Judgment is affirmed.

RAND, BROWN and BELT, JJ., concur.