HOEPER and another, Appellants, vs. WISCONSIN TAX COMMISSION, Respondent.

*October 16—November 11, 1930.*

For the appellants there was a brief by *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *Claire B. Bird.*

*Theo. W. Brazeau* of Wisconsin Rapids, special counsel for the Wisconsin Tax Commission, and *Leo J. Federer* of Madison of counsel, for the respondent.

WICKHEM, J. Appellant contends that sub. (2) (d) of sec. 71.05 and sub. (4) (c) of sec. 71.09, Stats., are unconstitutional in that both violate the Fourteenth amendment to the federal constitution, and art. VIII, sec. 1, of the Wisconsin constitution. Sub. (2) (d), sec. 71.05, reads as follows:

"In computing taxes and the amount of taxes payable by persons residing together as members of a family, the income of the wife and the income of each child under eighteen years of age shall be added to that of the husband or father, or if he be not living, to that of the head of the family and assessed to him except as hereinafter provided. The taxes levied shall be payable by such husband or head of the family, but if not paid by him may be enforced against any person whose income is included within the tax computation."

Sub. (4) (c), sec. 71.09, provides:

"Married persons living together as husband and wife may make separate returns or join in a single joint return. In either case the tax shall be computed on the combined average taxable income. The exemptions provided for in subsection (2) of section 71.05 shall be allowed but once and divided equally and the amount of tax due shall be paid by each in the proportion that the average income of each bears to the combined average income."

Appellant's claim is that art. VIII, sec. 1, Const., limits the powers to tax incomes to a levy against the recipient of the income; that a tax assessed to the husband on income of his wife is in excess of the powers granted. It is further contended that these sections violate art. VIII, sec. 1, of the Wisconsin constitution, and the Fourteenth amendment to the federal constitution, in that they make an arbitrary and discriminatory classification as to the amount of the tax levied on persons of the same income from the same sources in the same natural class. The provisions in question were attacked in *Income Tax Cases,* 148 Wis. 456, 513, 134 N.

W. 673, 135 N. W. 164, and their validity sustained. The court said in that case:

"Objection is also made to the provision that the income of a wife living with her husband shall be added to the income of the husband, and the income of each child under eighteen years of age living with its parent or parents shall be added to that of the parent or parents. This is another case of classification, and it is only justifiable in case there is some substantial difference of situation which suggests the advisability of difference of treatment. We think there clearly is such a difference, in this, that experience has demonstrated that otherwise there will be many opportunities for fraud and evasion of the law, which the close relationship of husband and wife or parent and child makes possible, if not easy. The temptation to make colorable shifts and transfers of property in order to secure double or even triple exemptions, if there were not some provision of this kind in the law, would unquestionably be very great. There is no such temptation or opportunity in the case of the single man, or the man and wife who are living separately."

This decision has been acquiesced in for nearly twenty years, and there appears to be no reason for reopening the question unless the decision of the United States supreme court in *Schlesinger v. Wisconsin,* 270 U. S. 230, 46 Sup. Ct. 260, 70 Lawy. Ed. 557, compels a reconsideration of the matter. In the *Schlesinger Case* a tax was levied upon certain gifts made within six years of the death of the donor. It was found as a fact that the gifts so taxed were not made by the donor in contemplation of death. The tax was levied under the provisions of sec. 1087—1, ch. 64ff, of the Wisconsin Statutes of 1919. In substance this section provided for a tax on inheritances and on all gifts made in contemplation of death of the donor, or intended to take effect in possession or enjoyment at or after such death. The statute further provided (sub. 3):

"Every transfer by deed, grant, bargain, sale or gift, made within six years prior to the death of the grantor,

vendor or donor, of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without an adequate valuable consideration, shall be construed to have been·made in contemplation of death within the meaning of this section."

The court held that there was no adequate basis for a distinction between gifts made *inter vivos* within six years of death but in fact made without contemplation thereof, and like gifts made at other times. The court said (p. 240) :

"The presumption and consequent taxation are defended upon the theory that, exercising judgment and discretion, the legislature found them necessary in order to prevent evasion of inheritance taxes. That is to say, 'A' may be required to submit to an exactment forbidden by the constitution if this seems necessary in order to enable the state readily to collect lawful charges against 'B.' Rights guaranteed by the federal constitution are not to be so lightly treated; they are superior to this supposed necessity. The state is forbidden to deny due process of law or the equal protection of the laws for any purpose whatsoever.

"No new doctrine was announced in *Stebbins v. Riley*, 268 U. S. 137, 45 Sup. Ct. 424, cited by defendant in error. A classification for purposes of taxation must rest on some reasonable distinction. A forbidden tax cannot be enforced in order to facilitate the collection of one properly laid. *Mobile, J. & K. C. R. Co. v. Turnipseed*, 219 U. S. 35, 43, 31 Sup. Ct. 36, discusses the doctrine of presumption."

The contention of the appellant is that the *Schlesinger Case* has repudiated the basis upon which the decision in *Income Tax Cases, supra,* purports to rest, and requires that the latter case be overruled in so far as it establishes the validity of sub. (2) (d), sec. 71.05, and sub. (4) (c), sec. 71.09, Stats. To this we cannot agree. It may quite easily be admitted that an invalid tax may not be exacted of one person in order that a valid tax may effectively be collected from another, without progressing at all towards the solution of this case. The very question in this case is

whether the tax is invalid, and this depends upon whether a classification, based on the marriage relation, is wholly arbitrary and unreasonable in connection with the imposition of an income tax. We cannot agree that it is. The marriage relation has always been a matter of great public concern. As was said in *Boehmer v. Kalk,* 155 Wis. 156, 160, 144 N. W. 182:

"The marriage relation is one of the most important of those fundamental social facts or relations upon which both civilized society and government rest. The interest of the public in its preservation and in the fair and equitable enjoyment and control of property rights by the husband and wife respectively, to the end that the relation may be permanent and satisfactory, is very great. Consequently there can be no doubt of the right of the public to control and regulate both the relationship itself and the property rights of the parties to the relation, by such reasonable and appropriate regulations. as do not unnecessarily interfere with those rights of person and property which both state and federal constitutions were framed to protect."

The relation has always been recognized as offering peculiar opportunities for fraud and colorable transfers for the purpose of defeating creditors. It is clear that it also offers opportunities that do not exist to the same degree in the case of single persons, for shifts and transfers of property in order to secure greater exemptions from income taxes, and to avoid the higher brackets of such a tax. The relation offers special advantages to those who are in the relation, and the concern of the government to secure and protect these advantages has contributed not only to the problems of government, but to the expenditures for which taxes are levied. Those in the relation form a well-recognized social and economic unit, deriving benefits as such unit from the combined incomes of its members and in proportion to the size of this income.

In *Income Tax Cases, supra,* it was recognized that the advantages enjoyed by a group over individuals might be the basis for a classification with respect to exemptions.

"A number of contentions are made with regard to the exemption features of the act, and, first, it is said under this head that the allowance of exemptions to individuals and the denial of them to partnerships is unjust discrimination. The question depends, of course, upon whether there is any valid ground for classification. Is there such a substantial difference between the classes as to reasonably suggest or call for the propriety of different treatment? We are clearly of opinion that this question must be answered in the affirmative. A partnership ordinarily has certain distinct and well known advantages in the transaction of business over the individual, arising from the fact that it allows a combination of capital, brains, and industry, and thus makes it possible to accomplish many things which an individual in the same business cannot accomplish." *Income Tax Cases,* 148 Wis. 456, 511, 134 N. W. 673, 135 N. W. 164.

It is of course true that there may be some families in which the husband enjoys the benefit solely from his income, and the wife the benefit solely from hers. This, however, is not the usually contemplated result of the marriage, and the fact that the statute may seem to affect unfairly a few persons thus situated has no bearing upon the reasonableness of the classification. The question with respect to classification "is not whether there may be some on one side of the line whose situation is practically the same as that of some on the other side, but whether there is a 'distinction between the classes as classes, whether there are characteristics which, in a greater degree, persist through the one class than in the other which justify legal discrimination between them.' *State v. Evans,* 130 Wis. 381, 110 N. W. 241." *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209.

It will be noticed that both sections under examination here relate to the income of the husband and wife only when

living together as husband and wife, and it is at least a permissible inference that the legislature might have had in mind the advantages with respect to the enjoyment of the income, in enacting these sections and providing for a tax based on the aggregate income.

Taking all of the foregoing circumstances together, we cannot say that the classification is wholly arbitrary and unreasonable, or that it is not germane to the purposes of the tax.

*By the Court.*—Judgment affirmed.