Argued May 24; affirmed July 5, 1933

McPHERSON *v.* FISHER ET AL.

(23 P. (2d) 913)

*W. Lair Thompson* and *Ralph H. King,* both of Portland (Arthur K. McMahan, of Albany, E. O. Immel, of Eugene, and McCamant, Thompson & King, of Portland, on the brief), for appellant.

*Willis S. Moore,* of Salem (I. H. Van Winkle, Attorney General, on the brief), for respondents.

CAMPBELL, J. This is a suit instituted under chapter 335, General Laws of Oregon, 1931, for the purpose of reviewing the action of the State Tax Commission in refusing to assess plaintiff's intangible income tax for the year 1931 under the law known as the Property Tax Relief Act of 1929, section 69-1501, et seq., Oregon Code 1930.

Plaintiff, during the entire year of 1931, was the wife of George L. McPherson and for that year had a net income from intangibles, owned by her separately, of $488.94. For the same year, her husband had a net income from all sources in excess of $3,000. Plaintiff made her income tax return for the year 1931 on forms furnished by the tax commission showing the above facts and was assessed a tax, at the rate of 8 per cent on her full income, amounting to $39.11 which was paid in semi-annual instalments. Thereafter she petitioned the tax commission for a revision of the tax assessed against her. The commission denied her petition. She thereupon brought this suit under section 28, chapter 335, Oregon Laws, 1931, in the county of her residence within 60 days after receipt of notice of the order of the tax commission denying her petition for revision, her contention being that chapter 335, Oregon Laws, 1931, and particularly division (b) of subsection 1, of section 11, thereof, is unconstitutional in that it violates the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution; that it is repugnant to Sections 20 and 32 of Article 1, and Section 1 of Article IX of the Oregon Constitution.

A demurrer was filed to the complaint on the grounds (1) that the court had no jurisdiction of the subject matter, and (2) that the complaint did not state

facts sufficient to constitute a cause of suit. The demurrer was sustained and, plaintiff declining to further plead, the suit was dismissed. Plaintiff appeals.

The pleadings present two questions: 1. Is the procedure adopted sufficient to give the court jurisdiction to entertain this suit? 2. Is the Intangible Income Tax Act of 1931 (Chapter 335, Oregon Laws, 1931) constitutional?

"The controversy is one as to the boundaries of legislative power. It must be dealt with in a large way, as questions of due process always are, not narrowly or pedantically, in slavery to forms or phrases". Justice Cardoza in Burnet v. Wells, 53 S. Ct. 761, 77 L. Ed. 891.

██ We approach the consideration of the constitutionality of the statute with the thought that the legislative branch of the government, in enacting the law, had in mind the various provisions of the constitutions of the United States and of the state of Oregon. We must presume that the enactment is valid. We understand that the burden of proof is on the party attacking its invalidity to establish his contention, and that before we should declare the act void, by reason of conflict with the organic laws of the country, we should be convinced beyond a reasonable doubt of its repugnance thereto. We must also realize that we are not concerned with, nor permitted to take into consideration, the "desirability, expediency, policy, justice or wisdom of its enactment". *Eastern and Western Lumber Co. v. Patterson,* 124 Or. 112 (258 P. 193, 264 P. 441, 60 A. L. R. 528); *Wright v. Beveridge,* 120 Or. 244 (251 P. 895); *Kinney v. Astoria,* 108 Or. 514 (217 P. 840); *Astoria v. Cornelius,* 119 Or. 264 (240 P. 233). The duty of raising revenue is one that the constitution has declared absolutely to be a legislative function only.

"No tax * * * shall be imposed without the consent of the people or their representatives in the legislative assembly; * * *". Article 1, § 32, Oregon Constitution.

We must appreciate the fact that it is very difficult, if not nigh impossible, to construct a revenue raising law, by which it can be demonstrated to a mathematical certainty that the tax burden is laid evenly on each taxpayer according to his ability to pay or benefits received. Nor can such an act be so framed as to make the duty of contributing to the cost of government a pleasure to all taxpayers. "The average citizen can usually contemplate with undisturbed serenity the law that imposes a tax on the other fellow". With these fundamentals in mind, we proceed to the further consideration of the cause.

■ It is unnecessary to pass upon the question of procedure at this time. Plaintiff, in her opening brief, asserts that section 28, of chapter 335, Oregon Laws, 1931, makes provision for this kind of a suit. In her reply brief, she claims that the suit is brought under section 69-1528 and section 69-1529, Oregon Code 1930. We are not concerned at this time with the procedure by which the case got to this court. It is here. The circuit court, in which it was tried, is a court of competent general jurisdiction and had jurisdiction of the subject matter and of the parties. The statute has made provision for the maintenance of such a suit "in any court of competent jurisdiction". Chapter 335, section 28, Oregon Laws, 1931. The state thereby consents that such a suit may be maintained. The controversy has been presented in such a way that the court may determine the questions involved without injury to anyone. It is important that the procedure laid down by the legislature should be followed in order that parties

have a trial in the manner provided by law. However, "procedure is a means to an end and not a fetish to be worshiped".

The Intangibles Income Tax Act of 1931 (Chapter 335, Oregon Laws, 1931) must be read in connection with the Property Tax Relief Act of 1929 (Chapter 448, General Laws of Oregon, 1929; section 69-1501, et seq., Oregon Code 1930). The Property Tax Relief Act of 1929 imposes a tax upon every individual with respect to the taxpayer's entire net income from every source whatsoever. Id., section 69-1503. "Net income means the gross income less deductions allowed by this act". Id., section 69-1505. The term, "gross income", does not include "interest, dividends and/or other income which may be otherwise taxed by this state as income of the taxpayer". Id., section 69-1506, subsection 2.

"There should be deducted from the net income of individuals the following exemptions:

(a) In the case of a single individual, a personal exemption of $1,500.
(b) In the case of a head of a family, or a married individual living with husband or wife, a personal exemption of $2,500. A husband and wife living together shall receive but one personal exemption of $2,500 against the aggregate net income; and in case they make separate returns the personal exemption of $2,500 may be taken by either or divided between them". Id., section 69-1513.

The Legislature at its session in 1929, also enacted chapter 429 of the General Laws of Oregon, 1929, being an act imposing a tax on the gross income from intangibles, that is, on the gross income from money and credits, defined as money at interest, bonds, notes, claims and demands, etc. Chapter 429, General Laws of Oregon, 1929. This act (afterwards declared uncon-

stitutional, *Redfield v. Fisher,* 135 Or. 180 (292 P. 813, 295 P. 461, 73 A. L. R. 721)) was approved by the Governor, March 8, 1929. The Property Tax Relief Act of 1929 was approved March 9, 1929; therefore, the tax on gross incomes from intangibles had already been imposed and such incomes were exempted from the class of income covered by the Property Tax Relief Act of 1929. At its session in 1931, the Legislature, with the intention of avoiding the features of said chapter 429, repugnant to the constitution, enacted the Intangibles Income Tax Act of 1931, being chapter 335, Oregon Laws, 1931, the act under consideration. This act imposed a tax on every "individual and corporation * * * with respect to the taxpayer's net income as herein defined". Id., section 3. Net income is defined as "the gross income of the taxpayer from intangibles less the deductions allowed by this act". Id., section 7. "Intangibles means and includes money at interest, bonds, notes, claims * * *". Id., section 2, subd. 9.

"There shall be deducted from the net income the following exemptions:

    (a) In the case of a single individual, a personal exemption to be determined by subtracting from $1,500 his combined net income from all sources defined in this act and Chapter 448, General Laws of Oregon, 1929, but in no case shall such exemption exceed $500.

    (b) In the case of a head of a family, or a married individual living with husband or wife, a personal exemption to be determined by subtracting from $2,500 his combined net income from all sources as defined in this act and Chapter 448, General Laws of Oregon, 1929, but in no case shall such exemption exceed $800. A husband and wife living together shall receive but one personal exemption provided in this paragraph, not exceeding $800 against their aggre-

gate net income and in case they make separate returns, the personal exemption may be taken by either or divided between them''. Id., section 11, subd. 1.

Plaintiff challenges the right of the legislature to impose a tax on her intangibles income without exemption simply because she has a thrifty husband who has an income of more than $2,500 per year, and grant an unmarried woman, with the same income from the same source, an exemption.

██ Plaintiff asserts the statute violates the following provisions of the Oregon Constitution:

''All taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax''. Article 1, Section 32, Oregon Constitution.

''The legislative assembly shall * * * provide by law uniform rules of assessment and taxation. All taxes shall be levied and collected under general laws operating uniformly throughout the state''. Article IX, Section 1, Id.

The Legislature has the right to select and classify property for taxation purposes under Article 1, section 32, Id. By section 69-1503, supra, the legislature places income derived from all sources, except from intangibles, in one class and divides this class into several subdivisions and fixes certain rates, progressively increasing, and certain exemptions. *Standard Lumber Co. v. Pierce,* 112 Or. 314 (228 P. 812). The fact that such income is largely dependent on the taxpayer's individual efforts and energy was one of the considerations for making such a classification. Under the Intangibles Income Tax Act of 1931, the legislature placed in another class all income derived from intangibles and fixed a different rate and different exemptions. In placing this kind of income in a class by itself, the leg-

islators had in mind the fact that income from intangibles is largely derived from the industry of others than the taxpayer and therefore reasonably subject to different rates from income earned by personal industry. These are reasonable classifications. The constitution does not require that either exemptions or rates shall be the same in all classes. It is satisfied with uniformity in each class. The state having the fundamental right to collect taxes and the constitutional right to fix different rates on various classes of property, the legislature may fix reasonable exemptions on the different classes of subjects. The Intangibles Income Tax Act of 1931 places in one class, for the purposes of exemption only, the income of an unmarried person or a person living separate and apart from his or her spouse, and in another class the income of a married individual living with husband or wife.

Selecting and classifying incomes and fixing different rates and exemptions does not violate section 32 of Article 1, or section 1 of Article IX of the Oregon Constitution as the taxes are uniform on the same classes of subjects and are collected under general laws and are uniform throughout the state.

Plaintiff relies principally on the decision in *Hoeper v. Tax Commission,* 284 U. S. 206 (52 S. Ct. 120, 76 L. Ed. 248). This case arose under a Wisconsin statute that provided:

"* * * In computing taxes and the amount of taxes payable by persons residing together as members of a family, the income of the wife and the income of each child under eighteen years of age shall be added to that of the husband or father, or if he be not living, to that of the head of the family and assessed to him except as hereinafter provided. The taxes levied shall be payable by such husband or head of the family, but if

not paid by him, may be enforced against any person whose income is included within the tax computation". Wisconsin Statutes 1929, § 71.05.

The husband and wife had each a separate income derived from sources over which the other had no interest or control. The assessor of incomes, obeying the mandate of the statute, assessed a tax on the combined incomes to the husband who paid it under protest, then sued to recover the excess of tax paid above his own income. The Wisconsin Supreme Court held the above statute valid and constitutional (202 Wis. 493, 233 N. W. 100) but the Supreme Court of the United States reversed the Wisconsin court's decision on the ground that the act violated the due process clause of the Fourteenth Amendment of the United States Constitution, because in the administration of the law the tax commission measured the husband's tax in part by his wife's income. The opinion is based on the fact that in Wisconsin the common law status of the wife has been superseded by the Married Woman's Rights Law. "That in law and in fact, the wife's income is in the fullest degree her separate property".

The Intangibles Income Tax Act of 1931, under consideration herein, when read in connection with the Property Tax Relief Act of 1929, is intended to allow but one exemption on all incomes, with a lesser amount of exemption on incomes derived from the source of intangibles. The act provides, in effect, an exemption of $800 on that part of their income derived from intangibles for married persons, living together, with a total aggregate net income from all sources of $1,700 or less. If the aggregate net income from all sources be greater than $1,700 and not greater than $2,500, there is an exemption on that part of the income derived from intangibles equal to the difference between

the net income from all sources and $2,500. If the aggregate net income from all sources be in excess of $2,500, then there is no exemption on income derived from intangibles. This still leaves the married person his full exemption on income derived from other sources than intangibles.

In the preamble to the Intangibles Tax Act of 1931, among other things, the Legislature announced:

"Whereas the income consistently derived from intangible personal property represents a distinct taxpaying ability which, in justice and sound reason, should bear a fair share of the cost of government".

In order to accomplish this purpose, it provided for the exemptions therein contained.

The plaintiff, with an income from intangibles, and whose husband has a net income from all sources of more than $3,000, has greater ability to pay than a single woman with the same income.

In addition to plaintiff's income from intangibles, she has her support from her husband which may be enforced through the criminal laws of the state so long as the husband has a sufficient income to provide for her. Oregon Code 1930, section 14-845; *State v. La Follett,* 134 Or. 218 (292 P. 98). The Legislature had the right to take this into consideration in fixing the tax plaintiff should pay on her income from intangibles. This is not fixing the wife's tax on the income of her husband, but fixing it solely on her own income taking into consideration, however, that part of her income on which no tax is levied consisting of what the husband contributes for her support. This presents quite a different situation than that of the parties in *Hoeper v. Tax Commission,* supra.

It is also contended by plaintiff that section 11, subd. 1(b) of the Intangibles Income Tax Act of 1931

violates section 20, Article 1, of the Oregon Constitution, and the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. This contention is untenable. *In re Fred Oberg,* 21 Or. 406 (28 P. 130, 14 L. R. A. 577); *State v. Muller,* 48 Or. 252 (85 P. 885, 120 Am. St. Rep. 805); *State v. Kincaid,* 133 Or. 95 (285 P. 1105, 288 P. 1015).

Assuming, without deciding, that an intangibles income tax is a tax on property, yet the tax under the Intangibles Income Tax Act of 1931 is the same on all such incomes, the only difference being in the exemptions allowed. The authority of the state to permit reasonable tax exemptions to certain classes of property or persons is not prohibited by the constitution. Such exemptions must be reasonable and general to all under similar circumstances. Article IX, Section 1, of the Constitution of Oregon, as it existed prior to its amendment in 1917, reads as follows:

"The legislative assembly shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for municipal, educational, literary, scientific, religious, or charitable purposes as may be specially exempted by law".

Under the above constitutional provision, the legislature was prohibited from granting any exemptions except to such as were mentioned therein. *Benevolent Society v. Kelly,* 28 Or. 173 (42 P. 3, 30 L. R. A. 167, 52 Am. St. Rep. 769).

Article IX, as it was amended and adopted in 1917, made no reference to exemptions, except in section 1-b thereof, exempting from taxation ships for a limited time.

"The contention that the adoption of section 1-b providing for such exemption, inhibits the Legislature

from making further exemptions, is wholly without merit". *Corporation of Sisters of Mercy v. Lane County*, 123 Or. 144 (261 P. 694).

In none of the cases cited by appellant does the question of reasonable exemption arise. The tax on intangibles is the same for all persons. There is some difference in the exemptions allowed to certain persons under particular circumstances; but this is true, in effect, of every taxation act of the state of Oregon. On all real and personal property on which the tax is levied *ad valorem* and which under the constitution should be uniform on each class of property, the law makes certain exemptions to certain persons and certain corporations therein named. Oregon Code 1930, section 69-104. Exemptions are also granted on property owned by certain ex-soldiers, ex-sailors and the widows thereof. Id., section 69-107. No one contends that by reason of said exemptions the tax levied under those laws is not uniform. The federal income tax law discriminates between the income exemption of single and married persons. 26 U. S. C. A. 136, section 957. This has been the federal law, with some variations as to the amount of exemptions, since 1913. It is altogether likely that if these discriminatory exemptions were unconstitutional it would have been so declared by the courts during the twenty years the law has been in force.

The decree of the circuit court is affirmed.

RAND, C. J., and BAILEY, J., did not participate in this decision.