CAREY J. HUCKABA
*v.*
LEE JOHNSON, *Attorney General of
the State of Oregon;*
and DEPARTMENT OF REVENUE, STATE OF
OREGON, *John J. Lobdell, Director*

E. G. Nilsson, Williver & Forcum, Bend, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendants.

Decision for defendant; plaintiff's complaint dismissed, March 11, 1977.

CARLISLE B. ROBERTS, Judge.

This is a suit for declaratory judgment, brought pursuant to ORS chapter 28, challenging the constitutionality of ORS 316.067(3) in the Personal Income Tax Act of 1969. This statute places certain restrictions on the exclusion from Oregon "taxable income" of retirement or pension payments received by persons who have served in the Armed Forces of the United States. The necessary facts have been stipulated by the parties.

Plaintiff is a retired serviceman who receives compensation from a retirement system for the performance of service in the Armed Forces of the United States and who has not yet attained the age of 65 years. He asserts that ORS 316.067(3) discriminates against him in violation of the Equal Protection Clause of the Fourteenth Amendment to the U. S. Constitution and Oregon Constitution, Art I, §§ 20 and 32, and Art IX, § 1. Plaintiff claims that he is a member of a class entitled to the benefits conferred by ORS 316.067(1)(c), and that ORS 316.067(3) arbitrarily prohibits him from enjoying these benefits while granting them to other members of the same class.

ORS 316.067 provides in part:

"(1) There shall be subtracted from federal taxable income:

"* * * * *

"(c) Amounts received in the taxable year in compensation for personal services rendered in prior years, from a pension, annuity, retirement or similar fund under a public retirement system established by the United States, including the retirement system for the performance of service in the Armed Forces of the United States, or by this state or any municipal corporation or political subdivision of this state (but excluding the Public Employees' Retirement System established by ORS chapter 237). *In the case of a public retirement system*

*established by the United States, including the retirement system for the performance of service in the Armed Forces of the United States, the maximum amount excludable from taxable income from such pensions or annuities shall be in the amount of $2,400.*

"\* \* \* \* \*

"(3) In the case of amounts received from the retirement system for performance of service in the Armed Forces of the United States as described in paragraph (c) of subsection (1) of this section *the $2,400 exclusion shall be granted only to retirees age 65 or older and such exclusion is further reduced dollar for dollar to the extent of any earned income received during the taxable year.* 'Earned income' means salaries, wages, or professional fees and other amounts received as compensation for personal services rendered, past or present, but does not include amounts received from such retirement system. In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income producing factors only 50 percent of the income from such trade or business shall be considered to be from personal services." (Emphasis supplied.)

Plaintiff contends that the age requirement of ORS 316.067(3) denies him the exclusion of income provided in ORS 316.067(1)(c) to which he would otherwise be entitled. Plaintiff has also alleged that he receives more than $2,400 "earned income" during a tax year and asserts that the provision of ORS 316.067(3) which requires a dollar-for-dollar reduction in the amount to be subtracted from taxable income works a further discrimination in his case. However, it will not be necessary for the court to reach this issue if a decision with respect to the age requirement alone will be dispositive on the facts presented here. Thus, the question presented to the court for determination is whether the exclusion provided by ORS 316.067(1)(c) of income from a fund under a retirement system established by the United States may be restricted in the case of Armed Forces retirees to those persons who have attained the age of 65 years without violating the equal protection and uniformity requirements of the state and federal constitutions.

ORS 316.067(1)(c) identifies two classes of retired public service employees who are entitled to exclude retirement income from taxable income for state income tax purposes. These two classes are retired public employees of the State of Oregon or any municipal corporation or political subdivision of the state (but excluding those persons receiving retirement income from the Public Employes' Retirement System, for which provision is made in ORS 316.067(1)(d) by reference to ORS 237.201), and those public employees receiving retirement income from a public retirement system established by the United States, which includes the Armed Forces retirement systems. Plaintiff has not contested this initial classification of public service retirees. His challenge begins with the subsequent subclassification of those persons receiving retirement income from a public retirement system established by the United States. Subsections (1)(c) and (3) of ORS 316.067 divide this class into two groups: those persons receiving income from a retirement system for performance of service in the Armed Forces, and all other persons receiving retirement income from the United States. Plaintiff asserts that there is no rational basis for such a subclassification of these taxpayers because they are all members of a class receiving retirement income from United States retirement systems.

■■ Plaintiff has cited a number of authorities in support of a "rational basis" requirement for legislative classifications. The court is bound by this requirement in its evaluation of the challenged statutory provision. *Dutton Lbr. Corp. v. Tax Com.,* 228 Or 525, 365 P2d 867 (1961); *Smith et al v. Columbia County et al,* 216 Or 662, 341 P2d 540 (1959); *Standard Lbr. Co. v. Pierce et al.,* 112 Or 314, 228 P 812 (1924). It must be remembered, however, that tax exemptions are granted by legislative grace and not as a matter of right. See the cases cited in *Emanuel Lutheran Char. v. Dept. of Rev.,* 4 OTR 410 (1971), *aff'd,* 263 Or 287, 502 P2d 251 (1972).

Defendant has stated that the differences in eligibility for retirement benefits between Armed Forces retirement systems and those available to other federal employees justify the differentiation between these two classes of retirees. Generally, it is possible for individuals in the Armed Forces to retire at an earlier age than is permitted for other federal employees, which places them in a different income situation, *i.e.,* they may be able to draw military retirement while pursuing a civilian career.[1]

█ The facts of this case have some attributes comparable to those present in *McPherson v. Fisher,* 143 Or 615, 23 P2d 913 (1933). In that case, an exemption schedule to be applied under the Intangible Income Tax Act of 1931 was challenged as violating the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U. S. Constitution and the uniformity provisions of Oregon Constitution, Art I, §§ 20 and 32, and Art IX, § 1. The taxpayer had income from intangibles against which she could apply no exemption because the combined income of taxpayer and her husband exceeded the statutory limit. The plaintiff in that case challenged the right of the legislature to tax her intangible income without exemption because of her husband's income, and to grant an unmarried woman, who had the same income from intangibles, an exemption. The Supreme Court there stated:

> "The plaintiff, with an income from intangibles, and whose husband has a net income from all sources of more than $3,000, has greater ability to pay than a single woman with the same income.
>
> "In addition to plaintiff's income from intangibles,

[1] In 1972, the U. S. Civil Service Commission reported that 2.7% of the federal civilian work force was composed of retired military men and women who received Armed Forces pensions as well as federal salaries in new government jobs. Unlike retired civilian employees who come on the federal payroll, retired enlisted men or reserve officers are not required to deduct federal pensions from their salary. Civil Serv. Comm'n for Subcomm. on Manpower and Civil Service, 92d Cong, 2d Sess, *Study of Retired Uniformed Services Personnel in the Federal Civilian Service* (Comm. Print No. 22, 1972).

she has her support from her husband which may be enforced through the criminal laws of the state so long as the husband has a sufficient income to provide for her. * * * The Legislature had the right to take this into consideration in fixing the tax plaintiff should pay on her income from intangibles. This is not fixing the wife's tax on the income of her husband, but fixing it solely on her own income taking into consideration, however, that part of her income on which no tax is levied consisting of what the husband contributes for her support. * * *" (143 Or at 624, 23 P2d at 916.)

In the case at bar, we have a similar situation. Armed Forces retirees have the potential of earning additional income in a civilian career, which most other federal employees do not have because of the structure of their retirement system. It was reasonable for the legislature to consider this possibility as a basis for the classifications made in ORS 316.067(3).

The United States Supreme Court, discussing the limits placed upon the states in their exercise of the taxing power by the Fourteenth Amendment to the U. S. Constitution, has stated, in *Carmichael v. Southern Coal & Coke Co.,* 301 US 495, 509-510, 57 S Ct 868, 872-873, 81 L Ed 1245, 1253, 109 ALR 1327 (1937), cited with approval in *Smith et al v. Columbia County, supra,* 216 Or at 681-683, 341 P2d at 550-551 (1959):

"It is inherent in the exercise of the power to tax that a state be free to select the subjects of taxation and to grant exemptions. Neither due process nor equal protection imposes upon a state any rigid rule of equality of taxation. [Citations omitted.] * * *

"Like considerations govern exemptions from the operation of a tax imposed on the members of a class. A legislature is not bound to tax every member of a class or none. It may make distinctions of degree having a rational basis, and when subjected to judicial scrutiny they must be presumed to rest on that basis if there is any conceivable state of facts which would support it. [Citations omitted.]

"This restriction upon the judicial function, in passing on the constitutionality of statutes, is not artificial

or irrational. A state legislature, in the enactment of laws, has the widest possible latitude within the limits of the Constitution. In the nature of the case it cannot record a complete catalogue of the considerations which move its members to enact laws. In the absence of such a record courts cannot assume that its action is capricious, or that, with its informed acquaintance with local conditions to which the legislation is to be applied, it was not aware of facts which afford reasonable basis for its action. Only by faithful adherence to this guiding principle of judicial review of legislation is it possible to preserve to the legislative branch its rightful independence and its ability to function."

Applying this test to the case at bar, it is clear that the distinction made by the Legislative Assembly between those recipients of income from a retirement fund established for performance of service in the Armed Forces of the United States and other federal retirees has a rational basis.

■■ Plaintiff next objects to the imposition of an age requirement by ORS 316.067(3) before Armed Forces retirement income may be excluded from a taxpayer's taxable income. He argues that the 65-year age requirement is arbitrary and discriminatory, in that it does not uniformly treat similarly situated taxpayers. The Wisconsin Supreme Court's discussion of a similar objection to a tax relief statute granting income tax credits and refunds to persons over age 65, is appropriate here. In *State v. Morgan,* 30 Wis2d 1, 8-9, 139 NW2d 585, 588 (1966), the Wisconsin court stated:

"It would appear that the classification requiring special legislative treatment in the granting of relief to persons sixty-five or over is reasonable. The age of sixty-five is commonly accepted and recognized as that at which a large number of persons retire and no longer in full measure are able to support themselves from current earnings. It is an age that is widely accepted as the retirement age in numerous pension plans. It is the normal age of retirement under the federal social security system. Both federal and Wisconsin income tax

systems provide for additional personal exemptions beyond the age of sixty-five. It is generally considered the threshold to old age.

"While it is undoubtedly true that some persons under the age of sixty-five are equally deserving of relief, there are undoubtedly other devices by which the legislature has or could, if it so desired, grant other forms of relief or assistance. The mere fact that the legislature in the exercise of a proper police-power function has not seen fit to cure or attempt to alleviate all the evils of poverty in a single piece of legislation does not render the classification used unreasonable."

The court went on to state that it is for the legislature to determine "the exact point at which a classification is to operate." It can be argued that there is no real distinction between a retiree aged 64 years who may not exclude retirement pay from taxable income, and one aged 65 who may take the exclusion. However, this is the type of narrow distinction which legislatures often appear required to make. *See Portland General Electric Co. v. Dept. of Rev.,* 7 OTR 33 (1977). Any tax deduction, exemption or exclusion inevitably will have instances of sharp cut-off points which, in specific instances, appear "unfair." As has been recognized by the Oregon Supreme Court:

"* * * We must also realize that we are not concerned with, nor permitted to take into consideration, the 'desirability, expediency, policy, justice or wisdom of its enactment'. * * *" (*McPherson v. Fisher, supra,* 143 Or at 617, 23 P2d at 914. *See also Fox v. Galloway,* 174 Or 339, 148 P2d 922 (1944).)

Plaintiff has raised an additional objection to this subclassification as he understands its application by the defendant, because certain groups of federal employees are eligible for retirement under systems similar to those available to military retirees and yet would be permitted the exemption provided in ORS 316.067(1)(c) under the definition of the term "Armed

Forces" in that statute by defendant.[2] These groups are commissioned officers of the Public Health Service and the National Oceanic and Atmospheric Administration. Under federal law, officers of these agencies are eligible for retirement under the same conditions as those available to members of the military. (33 USC §§ 853k, 857-3, and 857-5; 42 USC § 212.) This is an attack by plaintiff on a part of defendant's published rule, OAR 150-316.067(1)(e), which is not involved in this suit. It appears to the court that plaintiff does not have standing to raise this objection in support of his argument of discrimination, as "Armed Forces" would, at the very least, be defined to include retirees from the Army, which includes plaintiff.

The constitutional requirement of uniformity is satisfied by the age requirement of this statute. *McPherson v. Fisher, supra.* It applies uniformly to all persons receiving retirement income from Armed Forces retirement systems. As this issue has been resolved in favor of the constitutionality of the statute, it is not necessary for the court to address plaintiff's objection to the dollar-for-dollar reduction against earned income.

■ The plaintiff had the burden of showing beyond a reasonable doubt that this statute is invalid. *State v. Kozer,* 116 Or 581, 242 P 621 (1926). He has not met that burden. The provisions of ORS 316.067 challenged here are found to be within the limits of the Fourteenth Amendment to the U. S. Constitution and the uniformity provisions of the Oregon Constitution.

Plaintiff's complaint is dismissed.

---

[2]The defendant in its rule OAR 150-316.067(1)(e), which applies to the exclusion provided by ORS 316.067(1)(e) of $3,000 of compensation received for active service performed by a member of the Armed Forces of the United States (excluding retirement pay), has defined "Armed Forces" to include the Public Health Service and Coast and Geodetic Survey (now a part of the National Oceanic and Atmospheric Administration) when those agencies are placed under military control by order of the President. This definition does not necessarily apply to the provisions of ORS 316.067(3).