# IN THE OREGON TAX COURT

LINDAU et al

*v.*

## DEPARTMENT OF REVENUE
(TC 1936)

Plaintiffs appeared *pro se.*

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, represented defendant.

Decision for defendant rendered July 25, 1985.

**CARL N. BYERS, Judge.**

The plaintiffs appeal from the defendant's denial of Oregon personal income tax refunds for 1978 and 1979. The facts in this case are undisputed. After moving to Oregon, Mr. Lindau received retirement benefits from South Dakota for prior services rendered as a judge. Plaintiffs included the South Dakota retirement income on their Oregon returns, paid taxes thereon, and then filed claims for refunds. The defendant treated the retirement benefits as taxable income and denied the plaintiffs' claimed refunds.

■ The defendant based its denial upon ORS 316.067(1)(c) (now ORS 316.680), which allows the subtraction from taxable income of amounts received "from a pension, annuity, retirement or similar fund under a public retirement system established by the United States, * * * or by this state or any municipal corporation or political subdivision of this state."

The statute is unambiguous. It restricts the modification of income to only those retirement benefits established by the federal government, the State of Oregon or one of its municipal corporations or political subdivisions. The plaintiffs assert that ORS 316.067 is unconstitutional because its classification violates the privileges and immunity clause guaranteed by the United States Constitution, Article IV, section 2, and contravenes equal protection of laws under the fifth and fourteenth amendments to the United States Constitution.

■ The constitutionality of ORS 316.067(3) has been challenged before and held to be constitutional. *Huckaba v. Johnson,* 7 OTR 81, *aff'd* 281 Or 23, 25, 573 P2d 305 (1978). The court cited *Dutton Lbr. Corp. v. Tax Comm.,* 228 Or 525, 365 P2d 867 (1961), for the principle that "the equal protection of the laws required by the fourteenth amendment does not prevent states from resorting to classifications for the purpose of legislation and they have a wide range of discretion in that regard."

■ The legislative power to create a classification implies the authority to subclassify persons included in the general classification if there is a rational basis for making this further distinction. *Smith et al. v. Columbia Co. et al.,* 216 Or 662, 341 P2d 540 (1959).

The defendant asserts that the legislative intent in enacting ORS 316.067 was part of a benefit scheme for the governmental entities named as well as for the protection of the employes' benefits. The contention is that if the benefits are tax free, less retirement benefits need be provided to the employes.

The court finds that this is a rationale predicate for the classification found in ORS 316.067. The legislative determination to accord tax-free treatment of certain retirement

benefits on the basis of an easily discernible criterion does not offend constitutional principles. *Califano v. Jobst,* 434 US 47, 98 S Ct 95, 54 L Ed 2d 228 (1977).

Therefore the court holds that ORS 316.067(1)(c) does not contravene article IV, section 2, nor the fifth or fourteenth amendments to the United States Constitution. Upon this determination, the court affirms defendant's Opinion and Order No. I 82-222. Costs awarded to defendant.